**RHODES ASSOCIATES**

v.

**CITY OF WOONSOCKET.**

**No. 85–34–Appeal.**

Supreme Court of Rhode Island.

April 7, 1987.

Edward J. Mulligan, Providence, for plaintiff.

M. Durkan Cannon, City of Woonsocket Sol., Woonsocket, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a declaratory judgment entered in the Superior Court denying the plaintiff's request for a declaration of invalidity of a tax sale and a request to compel the city of Woonsocket to issue a municipal tax lien release with regard to taxes due upon a certain parcel of land in the city of Woonsocket. We affirm. The facts of the case insofar as pertinent to this appeal are as follows.

The property in question consists of a parcel of land comprising 7.145 acres near Mendon Road in the city of Woonsocket.

This has been described as lot No. 1 on tax assessor's plat No. 51. On August 8, 1923, Joseph C. Mailloux, Jr. became the owner of said property by conveyance from Eleanor L. Cook.

Real estate taxes assessed upon this parcel remained unpaid from 1929 through the year 1937. As a consequence of this nonpayment of taxes, Wilfred J. Forcier, at that time tax collector and treasurer of the city, gave notice that the property would be sold at public auction on April 30, 1940. The sale was held in accordance with the notice, and since there were no bidders who sought to purchase the property at the sale, Mr. Forcier in his capacity as treasurer and tax collector, as the sole bidder, purchased the property for the sum of $4,591.83 on behalf of the city. The purchase price represented the amount of taxes, charges, and expenses of the levy and sale. By letter dated May 9, 1940, Mr. Forcier notified the city clerk of a number of properties sold for taxes. In this letter the subject property was listed. A tax collector's deed was prepared and dated May 9, 1940.

The deed was never recorded but remained on file in the office of the city clerk. The treasurer's report was not recorded in the records of land evidence until October 5, 1955.

After the death of Joseph C. Mailloux, his heirs conveyed whatever right, title, and interest they had in and to the subject property to Rhodes Associates by a quit-claim deed dated June 18, 1974. The deed was recorded July 11, 1974. Essentially the claim of Rhodes Associates is that it is entitled to a lien release from the city of Woonsocket upon payment of three years taxes preceding the date of the quit-claim conveyance. This amount would approximate $996.17, a sum that had been tendered by plaintiff to the city on September 2, 1975. The plaintiff also tendered the real estate taxes for the years subsequent to the conveyance. The checks so tendered have not been cashed.

The treasurer of the city of Woonsocket, refused to grant a release to plaintiff unless it paid all of the taxes that had accrued

on said property from the time of the tax sale down to the present, a sum that was claimed by the treasurer to aggregate $66,368.30.

The thrust of plaintiff's claim is based upon the fact that the tax deed was not recorded and that the report of the treasurer setting forth that the property had been sold was not filed until more than fifteen years after the tax sale had taken place. It should be noted, however, that the report of the tax sale was filed in the records of land evidence nearly nineteen years before plaintiff purchased the interest from the Mailloux heirs. Without groping our way through the maze of statutory provisions upon which the respective parties rely, suffice it to say that plaintiff stresses that G.L.1956 (1980 Reenactment) § 44-9-1 provides that a municipal lien for taxes is extinguished after three years from the date of the conveyance of said real estate when the instrument of conveyance has been recorded. The defendant takes the position that this section is not relevant in a situation in which a city or town has purchased the real estate by reason of nonpayment of taxes. In such a situation, defendant argues § 44-9-17 is applicable. Section 44-9-17 provides as follows:

"Lien for taxes assessed subsequent to sale.—Whenever a town shall have purchased real estate for payment of taxes, the lien of the town on such real estate, for all taxes assessed subsequently to the assessment for payment of which the estate was purchased, shall continue, and it shall be unnecessary for the town to sell said real estate for nonpayment of said subsequent taxes, costs and interest; and on either redemption from, or foreclosure of the right of redemption under such purchase, said subsequent taxes, costs and interest shall be paid to the town, and the payment shall be made a part of the terms of redemption. A town which has assigned a tax title held by it shall, after such assignment, have all the rights and powers to sell the real estate affected thereby, for the nonpayment of taxes, which it would have possessed had

said town never been the holder of said tax title."

Section 44-9-19 further provides that any person having an interest in land sold for nonpayment of taxes "may redeem the same by paying or tendering to the treasurer the sum for which said real estate was purchased, plus a penalty which shall be ten per cent (10%) of the purchase price if redeemed within (6) months after the date of sale, and an additional one per cent (1%) of the purchase price for each succeeding month, together with all charges lawfully added for taxes and expenses assessed subsequently to said sale."

These two sections read together would indicate that a person who wishes to exercise the right of redemption would be required to pay all taxes, including the amount for which the property was originally purchased and all sums accruing subsequent to that time down to the date of redemption together with the statutory penalties. The plaintiff, however, argues that it was misled by the nonrecording of the deed, and therefore, the tax sale should be invalid as to it.

The trial justice, relying on the testimony from title examiners presented before him, determined that plaintiff had constructive notice from the tax collector's report that the subject property had been sold for nonpayment of taxes. The fact that the deed was not recorded was, in the opinion of the trial justice, insufficent to establish that plaintiff had been misled. The trial justice observed:

"The court finds in accordance with the testimony of Mr. Gousie [a title examiner] so far from anyone's being misled, that report should unerringly have led any reasonable person to the conclusion that there should be somewhere a tax deed."

In response to this finding, plaintiff argues that the recording of the report was invalid because the tax collector failed to file a written report of his proceedings within thirty days after the sale pursuant to § 44-9-13. However, the trial justice relied upon § 44-9-35, which provides that "[n]o tax title shall be held to be invalid by reason of any error or irregularity which is neither substantial nor misleading."

We are of the opinion that in so holding, the trial justice was eminently correct. The records of the city of Woonsocket at the time of the purchase of this property by the plaintiff clearly indicated that the property had been sold for taxes in 1940. In light of this report on the record, a reasonably prudent person would have been led to further inquiry which would have disclosed the tax deed in the files of the city clerk. We do not believe that the plaintiff was misled in any substantial way by the absence of the deed from the record. We hold that in the circumstances of this case the tax sale that took place in 1940 was valid in regard to this plaintiff and that its redemption of this property may take effect only in the event that it complies fully with the terms of § 44-9-19, which would require the payment of all taxes for which the property was purchased and all taxes which accrued thereafter down to the time of redemption as well as statutory penalties provided in said section.

For the reasons stated, the plaintiff's appeal is denied and dismissed, the judgment of the Superior Court is affirmed, and the papers in the case may be remanded to the Superior Court.