[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the plaintiff's petition to foreclose all rights of redemption of the defendants to a certain parcel of property located at 72-74 Potters Avenue, Lot 192 on that plat entitled "THE DOWER LAND OF THE ESTATE IN CRANSTON of the Joseph Burgess Estate. Surveyed by Atwater Schubarth Haines for the proprietors April 6th 1848" which plat is recorded in the office of the Recorder of Deeds in said City of Providence in Plat Book 9 at Page 7 and (copy) on Plat Card 235.
The facts in this case are not in dispute and may be briefly stated as follows:
On March 26, 1991, the respondent, 140 Reservoir Avenue Associates, purchased a tax title from the Narragansett Bay Commission for the subject property located at street address 72-74 Potters Avenue, Providence, Rhode Island. The tax deed memorializing the March 26, 1991 purchase was not recorded until June 7, 1991, a period in excess of the sixty days as provided by R.I.G.L. 44-9-12.
Respondent, 140 Reservoir Avenue Associates filed a petition to foreclose the former owner's rights of redemption based upon its Narragansett Bay Commission deed filed on March 27, 1992 and filed notice of the filing of said petition in the land evidence records of the City of Providence. Respondent 140 Reservoir Avenue Associates received the final decree from the Superior Court purporting to cut off rights of redemption on January 29, 1993.
On May 28, 1992, the Providence City Collector acquired a tax title to the subject property and recorded a tax deed on June 14, 1992 in Book 2587 at Page 102 in the land evidence records of the City of Providence. The said tax collector did not give notice to the respondent 140 Reservoir Avenue Associates of the tax sale to be held on May 28, 1992 despite the fact that the respondent 140 Reservoir Avenue Associates' tax deed and notice of the petition to foreclose equities of redemption were both on file in the land evidence records of the City of Providence.
The plaintiffs acquired, as assignees, title based upon the tax sale of May 28, 1992 from the City of Providence on August 4, 1993, which said assignment was recorded on August 10, 1993 in Book 2796 at Page 58.
The plaintiffs pursuant to their instrument of assignment from the City filed the within action against 140 Reservoir Avenue Associates, et al. on August 10, 1993.
The plaintiffs seek to attack the validity of the respondent 140 Reservoir Avenue Associates' tax deed on the ground that a violation of R.I.G.L. 44-9-12 renders the tax deed void. Said statute provides in part as follows:
 "The deed shall not be valid unless recorded within sixty (60) days after the sale. If so recorded, it shall be prima facie evidence of all facts essential to the validity of the title thereby conveyed".
For reasons other than arguments advanced by the respondent 140 Reservoir Avenue Associates, this Court is of the opinion that as to the plaintiff herein, the respondent's tax deed is valid and enforceable and has priority over any interest being asserted in these proceedings by the plaintiff Phenix Realty, et al. The Court relies upon the case of Rhodes Associates v. theCity of Woonsocket, 523 A.2d 878, relying upon R.I.G.L. 44-9-35
which provides in part as follows:
 "[n]o tax title shall be held to be valid by reason of any error or irregularity which is neither substantial nor misleading. . . ."
The plaintiffs stand in the shoes of the City of Providence. When the City of Providence gave notice of the tax sale to be held on May 28, 1992, it obviously ignored the prior recording of interest in the land made by the respondent 140 Reservoir Avenue Associates (albeit beyond the 60 days) and further ignored a petition to foreclose rights of redemption and thus failed to inform the respondent 140 Reservoir Avenue Associates of the proposed tax sale. The assignors failure is fatal to the rights of this plaintiff. The recorded deed was notice to the City of Providence, as well as the assignee, of the respondent's interest. Consistent with the policy enumerated in the statute, error and irregularities which are neither substantial nor misleading will not defeat the validity of a tax deed.
The respondent 140 Reservoir Avenue Associates has priority over the interest of this petitioner. The petition therefore to foreclose rights of redemption is denied and dismissed. The parties will prepare an order and/or decree consistent with this ruling.