WEISBERGER, C.J., and MURRAY, SHEA and LEDERBERG, JJ., concur.

---

**Francis H. MURRAY**

v.

**Marc SCHILLACE et al.[1]**

**No. 93–291–Appeal.**

Supreme Court of Rhode Island.

May 24, 1995.

Patrick T. Conley, East Providence, for plaintiff.

Stacy B. Ferrara, Law Office of Alfred G. Thibodeau, Providence, for defendant.

OPINION

**SHEA, Justice.**

This matter is before the Supreme Court on appeal by the plaintiff, Francis H. Murray (Murray), from a Superior Court order granting a motion to vacate a final decree foreclosing rights of redemption that was filed by Cadle Company (Cadle), assignee of a mortgage on property originally owned by the defendant Marc Schillace (Schillace) and mortgagee Advanced Financial Services of East Providence, Rhode Island (AFS). For the reasons set forth below, we reverse the granting of the motion to vacate.

---

**1.** The papers of this case were captioned with the incorrect spelling of the defendant's surname. We have chosen to use the correct spelling in this caption.

On May 2, 1991, Murray purchased a piece of property at 981 Chalkstone Avenue in the city of Providence at a tax sale by tendering to the city the amount of $2,512.35. This amount represented the back taxes due on the subject property. Schillace was the former owner of the property, and AFS was the mortgagee at the time of the tax sale. The city collector's deed to plaintiff was executed on May 24, 1991, and recorded on June 6, 1991. The deed indicated that the city collector provided notice to fee holder Schillace and mortgagee AFS, the predecessor in interest to defendant United Bank and Trust (United Bank), which in turn was the mortgagee when the petition to foreclose the right of redemption was filed.

In December of 1991 AFS assigned the mortgage to United Bank, which later assigned the mortgage to Cadle. On June 4, 1992, plaintiff filed a petition to foreclose tax lien with the Superior Court, seeking to extinguish both defendants interests in the property. Service was made on defendants Schillace and United Bank by certified mail. Constructive notice was also made on defendants and all other interested parties through publication in the Providence Journal. Neither Schillace or United Bank filed an answer to plaintiff's complaint, and Murray obtained an entry of default and a final decree forever foreclosing all rights of redemption to the subject property on October 6, 1992.

On April 12, 1993, Cadle, the subsequent holder of the mortgage on the property, filed a motion to vacate the decree foreclosing rights of redemption, pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure. Cadle claimed lack of proper notice, alleging both the city and Murray erred in spelling the surname of Marc Schillace. The first "c" in Schillace was omitted on the collector's deed, the petition to foreclose, and the notice to both defendants, Schillace and United Bank.

On April 21, 1993, the trial justice entered an order vacating the final decree entered by the trial court on October 6, 1992, foreclosing all rights of redemption in regard to the property. The trial justice determined that the misspelling of defendant's last name was sufficient grounds to vacate the previous order of the court. On May 6, 1993, plaintiff appealed the order granting Cadle's motion to vacate the final decree.

The sole issue before us is whether the trial justice erred in vacating the final decree of October 6, 1992, foreclosing all rights of redemption to the holder of the mortgage and other interested parties. The plaintiff contends that Cadle's motion to vacate under Rule 60(b) was improper and not permitted under Rule 81(a)(2) of the Superior Court Rules of Civil Procedure, which states that the rules of civil procedure do not apply to petitions for foreclosure of redemption of interests in land sold for nonpayment of taxes. In addition, plaintiff asserts that the deletion of the letter "c" from the interior of one defendant's surname is neither substantial nor misleading within the meaning of G.L.1956 (1988 Reenactment) § 44–9–35 and thus does not invalidate plaintiff's tax title.

Cadle contends that the Superior Court properly granted its motion to vacate the default judgment on the basis of equitable principles and not pursuant to Rule 60(b). The defendant argues that since the court did not rely on the rules of civil procedure in granting the motion to vacate, it is not necessary for the court to decide whether the Rhode Island Rules of Civil Procedure apply to tax-sale cases. Cadle also asserts that the misspelling of the mortgagor Schillace's name as "Shillace" on the tax deed, the petition to foreclose right of redemption, and the citation constitutes a substantial and misleading error. It further alleges that such an error constituted improper notice to the mortgage holder United Bank pursuant to § 44–9–35. Cadle believes this error warrants the upholding of the trial justice's granting of the motion to vacate the default judgment.

We are inclined to agree with plaintiff's position. In *Phoenix Construction Co. v. Hanson*, 491 A.2d 330, 332 (R.I.1985), this court elaborated upon the standard to be applied and we stated that "[i]t is a well-established principle in Rhode Island that a motion to vacate a default judgment is within the discretion of the trial justice before whom the motion is brought. Such findings

will not be disturbed upon appeal unless there is an error of law or an abuse of that discretion." Since the motion to vacate was filed pursuant to Rule 60(b), we begin our analysis with the supposition that Rule 60(b) was in fact the tool for vacating the initial motion. If this is the case, then according to the review standard set out in *Phoenix,* the trial justice's findings can only be disturbed on appeal when an error of law has occurred.

Rule 81(a)(2) "limits the applicability of the Rules of Civil Procedure to petitions for foreclosure of redemption interests in land sold for nonpayment of taxes." *Gaudreau v. Blasbalg,* 618 A.2d 1272, 1274 (R.I.1993). Rule 81(a)(2) and *Gaudreau* precluded Cadle from having even filed a motion to set aside the default decree. With this avenue for redress unavailable to it, the proper remedy would have been to initiate a separate lawsuit. It was therefore an error of law to grant Cadle's motion to vacate under Rule 60(b). For this reason alone, the granting of the motion to vacate must be reversed.

■ Cadle's second theory for vacating the foreclosure order is that the trial justice did so as a matter of equity. Cadle's position is that the trial justice apparently felt that it would be inequitable to allow the foreclosure to stand because of the misspelling of defendant Schillace's last name. The trial justice stated:

> "I see a difference between the amounts involved and the substantial equity, in this case the mortgage value by the defendant. The Supreme Court's going to try to find some way to uphold vacating the agreement. We have a general equitable principle which permit[s] vacating judgment on other grounds * * *. It seems to me that S–C–H and S–H, in an enterprise such as the banking industry which must have * * * a hundred thousand mortgages, if they've got one. The trouble is they get lackadaisical about these things. * * * [I]n this particular case, there seems to be some justification when even the title examiner gets it wrong, why should the bank be held to that same standard as well. The motion to vacate is granted."

We assume that the theory behind the trial justice's ruling may have been that the notice given to defendant United Bank was defective and invalid under § 44–9–27 so that defendants did not realize that they were even involved in a foreclosure action.

It is submitted, however, that this second theory advanced by defendants in support of the trial justice's order vacating the foreclosure is without merit and must fail. We conclude that the deletion of a single letter from a name is neither substantial nor misleading. A reading of § 44–9–35 provides in pertinent part:

> "No tax title shall be held to be invalid by reason of any error or irregularity which is neither substantial nor misleading, whether the error or irregularity occurs in the proceedings of the collector or the assessors or in the proceedings of any other official or officials charged with duties in connection with the establishment of the tax title."

We suggest that when a bank receives a certified letter legally describing a piece of property and when, in addition, twelve out of thirteen letters of the mortgagor's name are correct, notice should not be disregarded when foreclosure on the piece of property is at stake. We hold that the misspelling of the surname in the instant case was neither substantial nor misleading under § 44–9–35 and could have been overcome with ordinary diligence. The granting of the motion to vacate is reversed for these reasons.

For the foregoing reasons the plaintiff's appeal is sustained, the order appealed from is reversed, and the papers of the case are remanded to the Superior Court with directions to reinstate the final decree.