George KARAYIANNIS et al.

v.

Veronique O. IBOBOKIWE et al.

No. 2001–526–Appeal.

Supreme Court of Rhode Island.

June 16, 2003.

George Karayiannis, pro se.

Richard A. Pacia, Pawtucket, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on March 4, 2003, pursuant to an order directing all parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and considering the memoranda of the parties, we conclude that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The defendants, the City of Providence, Department of Inspection and Standards (the city), in its capacity as prior lienholder, and Veronique O. Ibobokiwe (Ibobokiwe), former fee owner of real estate at 577 Public Street, Providence, appeal from a judgment in favor of plaintiffs, George and Helen Karayiannis (plaintiffs), foreclosing all rights of redemption to the property. For the following reasons, we deny and dismiss both appeals and affirm the judgment of the Superior Court.

On June 26, 1997, the city acquired by tax deed title to land owned by Ibobokiwe, the record owner from 1991 to the date of the tax sale. The city was no stranger to this property. Because of fire and neglect that presented a safety risk to the community, the structure previously situated on the land had been boarded up by the city.

The building ultimately was demolished by the city in June 1996, and demolition liens and various nominal boarding liens totaling $12,480 were placed on the property. The city purchased the land at tax sale. Thereafter, the city assigned the tax title to plaintiffs for $10,000 on December 10, 1999; shortly thereafter, their interest was recorded. In March 2001, plaintiffs filed a petition to foreclose the tax lien. Both the city and Ibobokiwe were served notice by certified mail, return receipt requested. On August 20, 2001, neither party having answered, plaintiffs filed a motion for entry of default judgment, alleging by affidavit of counsel that defendants failed to plead or otherwise defend after adequate service "by publication." On August 31, 2001, the city filed an objection to the entry of default, alleging that service by publication was unauthorized and insufficient to warn the city in a reasonable way that the foreclosure petition was pending in the Superior Court. At the time, the parties apparently relied on the erroneous belief that notice was provided only by way of publication. The parties later discovered and the record supports the finding, that defendants indeed had been served by certified mail. A hearing was scheduled in the Superior Court for September 2001.

All parties were present at the hearing, including Ibobokiwe, who appeared *pro se.* The city argued to the hearing justice that service by publication was improper and that its demolition lien remained outstanding and was a security interest that ran with the property. Ibobokiwe asserted that her property had been unfairly taxed, that she was ready to "settle with the [c]ity," and that the parcel should be returned to her.

The plaintiffs alleged that controlling statutory authority required a finding in their favor. They argued that the provision of G.L.1956 § 44-9-1(b), which pro-

vides that taxes on real estate or personal property constitute a lien on the property, specifically requires that the lien "shall terminate at the expiration of three (3) years [after its attachment] if the estate has in the meantime been alienated and the instrument alienating the estate has been recorded[.]" Further, plaintiffs argued that in accordance with G.L.1956 § 23–27.3–125.7, municipal boarding and demolition liens "shall be added to the amount of taxes due on the real estate" where the structure was located. Therefore, plaintiffs argued, the boarding and demolition liens on the property were deemed to be in the nature of taxes and were discharged upon transfer of title by the city to plaintiffs. Additionally, when the city assigned the tax title to them, plaintiffs contend, it assigned all of its right, title, and interest, including the preexisting boarding and demolition liens, and had no right to enforce these liens after the fact. Alternatively, plaintiffs argued that the demolition lien merged with the city's interests when the city purchased the property, and therefore the lien ceased to exist and no longer was viable against anyone.

The hearing justice, relying on statutory authority, granted the petition and directed the entry of a final decree forever barring and foreclosing all rights of redemption to the property. He found that the boarding and demolition liens terminated by operation of law. The hearing justice concluded that after the property was acquired by plaintiffs and the deed was properly recorded and in accordance with § 44–9–1, the liens terminated after a period of three years. Additionally, the hearing justice held that in accordance with the provision of § 23–27.3–125.7, boarding and demolition liens are "to be

treated in the same manner as a * * * [regular] tax sale for the nonpayment of real estate taxes[.]" However, he did not enter a default judgment against either defendant because each had appeared at the foreclosure hearing and proffered a defense. Notwithstanding, the hearing justice found that "nothing h[ad] been produced that would indicate that the plaintiffs * * * [should] not have full and absolute title [to the property]." Both defendants timely appealed.

On appeal, the city reasserts that service was improper. It argues that notice by publication was inadequate and given without court permission, and that notice by certified mail sent to the city's Department of Inspection and Standards was insufficient. The city alleges that, pursuant to Rule 4 of the Superior Court Rules of Civil Procedure, the city's treasurer was the proper party for service of process. The city argues that once the manner of service was called into question, it should have been afforded the opportunity to address the adequacy of the notice. Moreover, the city alleges that repair and demolition liens, unlike tax liens, are not added to property taxes and are not extinguished after three years. Thus, the city contends, these liens survived the title assignment to plaintiffs and the hearing justice erred in granting the foreclosure petition.

Ibobokiwe, again representing herself, raises similar issues to those asserted by the city.[1] She alleges that the tax title is defective and the final decree erroneously entered because service by publication was unauthorized and insufficient to provide adequate notice of the impending tax sale. Further, this defendant argues that the final decree is unconstitutional because the hearing justice denied her request for legal representation and barred her rights of

---

1. We note that Ibobokiwe made no appearance at oral argument, and therefore we rely on the allegations made in her prebriefing statement.

redemption even though she was ready to "settle with the city." She asks this Court to award her money damages.

The plaintiffs contend that, despite her claims, Ibobokiwe did not have the financial ability to pay the costs of redemption. Further, any attack on the validity of the tax title by either defendant is untimely and henceforth is waived because neither answered the petition nor filed specifications "on or before the return day" as required by § 44–9–31. We deny and dismiss the appeals.

■■■ The record reveals that contrary to their assertions, each defendant was served with notice of the impending tax sale by certified mail in compliance with § 44–9–27. The city's argument that the treasurer was the proper party to be served is without merit; the city had actual notice of plaintiffs' foreclosure petition and appeared at the hearing. Further, this issue was not raised in Superior Court and, under our well-settled rule, it may not be raised for the first time on appeal. *Grieco v. Napolitano,* 813 A.2d 994, 996 (R.I.2003).

■■■ We are of the opinion that any claims defendants may have had about the validity of the tax title are deemed waived. Neither defendant complied with the provisions of § 44–9–31, which requires an answer on or before the return day with specifications setting forth the matters upon which the party relies to defeat the title. Failure to comply with these mandatory provisions results in the party's being forever barred from contesting title in future proceedings. *See Norwest Mortgage, Inc. v. Masse,* 799 A.2d 259 (R.I.2002) (per curiam).

■■■ Further, § 23–27.3–125.7 sets forth the nature of boarding and demolition liens and provides that liens for emergency repairs or demolition are treated as a lien against the property and shall be added to the amount of taxes due on the subject real estate.[2] The liens placed on 577 Public Street should have been added to the outstanding tax liens that arose from Ibobokiwe's failure to pay property taxes, and these liens terminated by operation of law three years after the liens attached. The city attempted to enforce the outstanding liens well beyond the three-year statutory time limit, and is barred from doing so. *See Fitzpatrick v. Tri–Mar Industries, Inc.,* 723 A.2d 285, 286 (R.I.1999) (per curiam) (holding that an outstanding property tax lien on parcels of land sold more than three years after assessment became an unenforceable, unsecured tax obligation pursuant to § 44–9–1(b)). The plaintiffs had every right to rely on the assignment that the city made to them and may rely on the finality of the foreclosure decree. We thus find it unnecessary to address plaintiffs' other contentions.

■■■ We approach Ibobokiwe's argument that she attempted to redeem her

---

2. General Laws 1956 § 23–27.3–125.7, provides in pertinent part:

"**Lien for emergency repairs.**—Whenever the owner fails to comply with an order to repair, board, or demolish a building, sign, or structure as required by the building official, and the building official has made repairs, boarded, or demolished the building, sign, or structure, reasonable costs incurred by the building official in the action shall be a lien against the real property. * * * The cost incurred * * * plus the in-terest * * * shall be added to the amount of taxes due on the real estate * * *. The tax collector of the city or town shall have the same powers and shall be subject to the same duties with respect to such claim as in the case of the annual taxes upon real estate, and the provisions of law relative to the collection of annual taxes, the sale or taking of land for the nonpayment thereof and the redemption of land so sold or taken shall apply to such a claim."

property at the foreclosure hearing in light of this Court's general policy in favor of redemption and "the principle that equity abhors a forfeiture." *Albertson v. Leca,* 447 A.2d 383, 389 (R.I.1982). The record reveals that Ibobokiwe attended the foreclosure hearing in an effort to "settle with the city." However, this was the first time that Ibobokiwe appeared and stated her desire to protect her interest, to "maintain [her] ownership of [the] property," or to "do whatever [she could] to maintain [the] property," and "pay the taxes." Notwithstanding, Ibobokiwe failed to file, on or before the return day, an answer setting forth her right to the property and a formal offer to redeem; nor did she file any specifications setting forth her reasons for contesting the validity of the tax title, as required by statute. Although the Superior Court did not enter a default judgment against defendants, Ibobokiwe was in default because she failed to take any steps to redeem the property in accordance with § 44–9–29. Certainly, if defendant had made a timely demand to redeem, the hearing justice was required to deny the petition and allow her to redeem the property. However, in this circumstance, the hearing justice properly exercised his discretion and foreclosed her rights of redemption.

In *Albertson,* 447 A.2d at 385–86, this Court was confronted with two judgments entered after a bifurcated foreclosure hearing in which the trial justice determined that, although the defendants filed, before the day set for hearing, an answer opposing foreclosure and an offer to redeem, they failed to timely file specifications of tax-title defects. This Court affirmed the decision of the trial justice refusing to permit the filing of specifications after the date set for hearing on the foreclosure petition. Noting that a party seeking to contest the validity of a tax sale pursuant to § 44–9–31 must file on or before the return day "specifications setting forth the matters upon which he or she relies to defeat the title" and, if the claimant fails to file such specifications "all questions of the validity or invalidity of the title * * * shall be deemed to have been waived." We refused to construe this mandatory language to allow a party "to file specifications at any time[.]" *Albertson,* 447 A.2d at 386. We held it was the Legislature's intention in enacting § 44–9–31 to stabilize tax titles, and any construction of the statute to permit an eleventh-hour challenge to the validity of the tax title would frustrate this salutary purpose. *Albertson,* 447 A.2d at 386. In the case before us, Ibobokiwe failed to file any specifications seeking to contest the validity of plaintiffs' tax sale, and under *Albertson,* she is forever barred from doing so.

However, in *Albertson,* we also determined that the trial justice abused his discretion, pursuant to § 44–9–29, in denying the defendants offer to redeem the property. The Court held that although a justice of the Superior Court is vested with discretion to grant or deny a party's motion to redeem, this discretion is limited to determining whether the party seeking redemption is ready, willing, and able to tender the money, and, guided by the facts of the particular case, to set appropriate terms and conditions of payment. *Albertson,* 447 A.2d at 390. Certainly, it is only after the filing of an answer seeking redemption by the owner, on or before the return day, that a Superior Court justice may exercise his or her discretion and decide whether or not redemption is appropriate. *Id.* at 388–89, 390. Unlike *Albertson,* Ibobokiwe failed to answer the foreclosure petition, and therefore no inquiry into her present ability to pay was warranted.

Accordingly, the record before this Court amply supports the conclusion that both defendants failed to timely assert their rights and are now subject to the consequences of foreclosure. For the foregoing reasons, the defendants' appeals are denied and dismissed and the judgment is affirmed. The papers in this case may be remanded to the Superior Court.

Justice FLAHERTY did not participate.