**Harold R. SMITH, d/b/a
Title Investments**

v.

**CITY OF PROVIDENCE.**

No. 2002–150–Appeal.

Supreme Court of Rhode Island.

June 27, 2003.

Richard Riendeau, Providence.

Douglas Smith, Providence.

**O R D E R**

This case came before the Supreme Court on March 31, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The defendant, the City of Providence (city), is again before this Court seeking to vacate a judgment foreclosing its rights of redemption to property it negligently permitted to be sold at tax sale. The city's appeal is denied and dismissed.

In May 1997, the city purchased an unimproved parcel of land on Grove Street, Providence, from the record owner, Cheryl A. Guisti, for $262,000. At the time of the sale, property taxes were outstanding on the parcel. Three years later, on May 18, 2000, the land was sold to plaintiff, Harold R. Smith, d/b/a Title Investments (Smith or plaintiff), by the city's tax collector at a regularly advertised tax sale. In essence, the city sold for a mere $6,164.53, the very land that it had previously acquired for $262,000 in order to enforce a tax lien of questionable validity. The tax collector's office, apparently unaware of the city's interest beyond the taxes that were purportedly outstanding, failed to provide notice of the impending tax sale to the city.

The plaintiff duly recorded the tax deed, and on August 9, 2001, Smith filed an amended petition to foreclose all rights of redemption to the property and named the city as one of several respondents.[1] The city was served with notice of the petition on August 16, 2001, and four days later it responded with an exiguous answer and raised as an affirmative defense the failure of plaintiff to make a timely claim to the city before filing suit pursuant to G.L.1956 § 45–15–5.[2] The answer stated: "The City of Providence is without information

---

1. The original petition filed on May 21, 2001 failed to name the city as a party. The petition was later amended to correct this deletion.

2. General Laws 1956 § 45–15–5 provides:
   "**Presentment to council of claim or demand against town.**—Every person who has any * * * claim or demand against any * * * city, for any matter, cause, or thing whatsoever, shall * * * present to the * * * city council of the city, a particular account of that person's claim, debt, damages, or demand, and how incurred or contracted [and if] just and due satisfaction is not made to him or her * * * within forty (40) days after the presentment * * * the person may commence his or her action against the treasurer for recovery of the complaint."

to form an opinion as to any allegations made by Petitioner but reserves the right to redeem the premises should it appear redemption be in the best interest of the City." The city's boilerplate defense that Smith failed to present a claim or demand pursuant to § 45–15–5 was later acknowledged to have no relevance to the circumstances of this case. No other claim or defense was asserted.

At the October 19, 2001 hearing on the petition, the city appeared and attempted to raise new defenses to the foreclosure petition. The city argued that the tax sale was invalid because once the city acquired fee interest in the parcel its tax lien merged with its title. Thus, because the city had no tax lien to enforce, it argues that the sale was a nullity. Additionally, the city contended that the tax sale to Smith was void because the tax collector failed to give the city notice of the sale as required by G.L.1956 § 44–9–10. The city argued that it had reserved the right to redeem in its answer and faulted the hearing justice for refusing to set the terms of redemption. However, the hearing justice concluded that the city failed to make a tender of redemption and that it was not ready, willing and able to redeem, a situation that the city acknowledged to be correct because it was unaware of "what is being requested for the purchase of redemption." Although admitting that in the pleadings the city failed to make an offer of redemption, the city seemingly relied on the assumption that by reserving its "right to redeem" the city adequately complied with its responsibilities as a former owner whose property had been sold at a tax sale.

Smith urged the court to recognize that, pursuant to the requirements of § 44–9–31 and controlling case law, by failing to assert its defenses "by answer filed in the proceeding on or before the return day," the city was "forever barred from contesting or raising the question in any other proceeding." G.L.1956 § 44–9–31. Additionally, Smith contended that the city's argument that its tax lien merged with its fee title was without merit.

The hearing justice concluded that the city waived its defenses and failed to make an offer of redemption. Despite the city's representations that the tax collector had erred or was without authority to convey the parcel, the city failed to produce evidentiary support for this belated defense. The hearing justice concluded that the "[c]ity here has sat on its hands and slept on its rights." The plaintiff's petition to foreclose defendant's rights of redemption was granted and judgment entered.

The city timely appealed and reasserts the argument that the tax title was void because, under the doctrine of merger, the lien was abolished when the city took title to the property. The city argues that the hearing justice erred when he refused to set terms of redemption notwithstanding that the city was not prepared to redeem at that time. The city argues that its right to redeem was not lost by its failure to answer the petition or raise an affirmative defense. We respectfully disagree.

We need not address the validity of the tax title acquired by Smith because the city failed to file an adequate answer or specifications in accordance with G.L.1956 § 44–9–31.[3] This Court has previously de-

---

3. General Laws 1956 § 44–9–31 provides:
   "**Contest of validity of tax title.**—If a person claiming an interest desires to raise any question concerning the validity of a tax title, the person *shall* do so by answer filed

in the proceeding *on or before the return day,* \* \* \* or else be forever barred from contesting or raising the question in any other proceeding. He or she *shall* also file specifications setting forth the matters upon

clared that failure to comply with this mandatory provision results in the party being forever barred from contesting title. *See Karayiannis v. Ibobokiwe,* No.2001–526 (R.I., June 16, 2003) (per curiam); *Norwest Mortgage, Inc. v. Masse,* 799 A.2d 259, 263 (R.I.2002); *Albertson v. Leca,* 447 A.2d 383, 385–86 (R.I.1982). Although the city did not receive notice of the tax sale as required by § 44–9–10—notwithstanding that a division of the city was responsible for the sale—its subsequent failure to file an answer with "specifications setting forth the matters upon which * * * [the city] relies to defeat the title" is fatal to its claim and amounts to a waiver of any and all defenses that may have been available to the city. *See Kildeer Realty v. Brewster Realty Corp.,* No.2001–512, 826 A.2d 961 (R.I.2003) (failure to timely file answer or appear upon notice of petition hearing cured any prior defects in the notice procedure of the tax sale and was fatal to foreclosure appeal). We discern the city's wholly inadequate response and its purported reservation of its "right to redeem the premises should it appear redemption be in * * * [its] best interest[,]" coupled with an irrelevant affirmative defense, to be the equivalent of a failure to respond.

It is apparent from the record before this Court that the city failed to file an answer setting forth its ownership interest in the property and failed to make a valid offer to redeem as required by § 44–9–29.[4] The hearing justice correctly concluded that there was no valid offer to redeem either before or during the foreclosure proceeding. *Albertson,* 447 A.2d at 387 (having filed a timely answer, redemption

was warranted in circumstances in which the party seeking to redeem was ready, willing, and able to do so). The hearing justice specifically concluded that the city did "not [make] a tender of redemption at any time[,]" and he properly refused to recognize an offer of a refund to be the equivalent of an offer to redeem. We discern no error in this holding and we defer to his judgment as well-supported and consistent with controlling statutory and decisional law.

For the reasons set forth, the city's appeal is denied and dismissed and the judgment is affirmed. The papers in the case are remanded to the Superior Court.

Justice FLAHERTY did not participate.

---

which he or she relies to defeat the title; and unless the specifications are filed, * * * [they] shall be deemed to have been waived." (Emphasis added.)

4. General Laws 1956 § 44–9–29, which governs redemption by a party to a foreclosure proceeding, provides that any person "claiming an interest, on or before the return day" shall, if desiring to redeem, file an answer setting forth his or her right in the land and an offer to redeem.