[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court are a series of motions in response to Plaintiff, SuRa Realty Corporation's efforts to obtain a decree forever barring Park Realty Trust from redeeming rights to certain real property in Woonsocket. Jurisdiction is pursuant to the Rhode Island Tax Sale Statute G.L. 1956 § 44-9-1 etseq.[1] Specifically, the matters now before the Court are as follow:
 Claire Paul's Objection to Plaintiff's Petition to Foreclose the Right of Redemption and Plaintiff's corresponding Motion to Strike Claire Paul's Objection to Plaintiff's Petition to Foreclose the Right of Redemption;
 Armand Paul's Motion and Memorandum to Answer Out of Time and Plaintiff's corresponding Objection and Memorandum in response to Armand Paul's Motion to Answer Out of Time;
 Claire Paul's Motion and Memorandum to Answer Out of Time and Plaintiff's corresponding Objection and Memorandum in response to Claire Paul's Motion to Answer Out of Time;
 Michael Paul's Motion and Affidavit to Answer Out of Time and Plaintiff's corresponding Objection and Memorandum in response to Michael Paul's Motion to Answer Out of Time;
 Plaintiff's Motion and Memorandum to Default Armand Paul pursuant to G.L. § 44-9-28 and Armand Paul's corresponding Objection and Memorandum[2] in response to Plaintiff's Motion for Default.
 FACTS AND TRAVEL
The filings referenced above reveal the following undisputed facts. The Park Realty Trust (Trust) was created in 1984. The Trustees at that time were Armand Paul and Marcel Paul. They were also the beneficiaries. In 1987, Howard Croll was added as a beneficiary of the Trust. In 1991, Marcel Paul assigned his beneficial interest in the Trust to Claire Paul. Thus, as of 1991, Armand Paul and Marcel Paul were the trustees of the Trust and the beneficiaries of the Trust were Armand Paul, Claire Paul, and Howard Croll.
In January and February of 1992, the City of Woonsocket notified the Park Realty Trust of an impending sale of real estate due to unpaid taxes. The notice was sent to the Park Realty Trust in care of Marcel Paul, a trustee. The notice indicated that the tax sale would take place on April 29, 1992. On December 26, 1992, Marcel Paul died, leaving Armand Paul as the sole trustee of the Park Realty Trust. In the year following the tax sale, Park Realty Trust did not take action to redeem the property which was sold at the tax sale. See G.L. § 44-9-21
(1992).
On January 31, 1996, Plaintiff took title to certain property by quitclaim deed from Suburban Land Company, and on April 18, 1996, Plaintiff was assigned tax title to additional property from the City of Woonsocket. The lots acquired by Plaintiff in 1996 were the subject of the 1992 tax sale referenced above.
On July 2, 1998, Plaintiff filed this Petition to Foreclose the Right of Redemption, pursuant to G.L. § 44-9-25 (1998), relative to the property it obtained in 1996 from the City of Woonsocket and Suburban Land Company. On December 8, 1998, the Court entered an order appointing Eastern Title to examine the title and determine the interested parties who would be entitled to notice of the Petition to Foreclose the Right of Redemption in accordance with G.L. § 44-9-27 (1998). The Court, effective as of December 3, 1998, issued a Decree of Approval Fixing Return Dayof Citation and Order of Notice, (hereinafter Order of Notice), in which it accepted and approved the title report prepared by Eastern Title. The report indicated "that the Park Realty Trust may have an interest in said real estate." The Clerk then issued a Citation in furtherance of Plaintiff's Petition, in accordance with G.L. § 44-9-27 (1998). A return date was set by the Court for January 14, 1999. However, the Citation issued by the Court contained a typographical error with respect to the year of the return date. The Citation indicated a return date of January 14, 1998, which was eleven months prior to the issuance of Citation.
Consistent with the title examiner's report and the Order of Notice, on December 11, 1998, Plaintiff served the trustee and each of the beneficiaries of the Park Realty Trust with a copy of the Citation. The Citation was sent by certified mail, return receipt requested. Specifically, the Citation was sent to Armand Paul, then the sole trustee and a beneficiary of the trust; Claire Paul, a beneficiary of the trust; Michael Paul, an heir of Marcel Paul (deceased trustee); and Howard Croll, a beneficiary.
The Citation mailed to Claire Paul was sent to her Massachusetts address and was signed for as received on or about December 18, 1998. The record before the Court also includes signed certified mail receipts for the copies of the Citation that were sent to Armand Paul and Howard Croll. In sum, the record clearly demonstrates that the Citation which gave notice of the Petition to Foreclose the Right of Redemption was signed for as received by the sole trustee and all the beneficiaries of the Trust. The record does not include a signed receipt from Michael Paul; however, he acknowledged in a sworn affidavit that he was served with the Plaintiff's Citation on December 13, 1998.
In addition to mailing the Citation to the trustee and the beneficiaries of the Trust, Plaintiff also published notice of the Citation in the Woonsocket Call in accordance with the Order of Notice. The evidence before the Court reflects that at least one of the publications advertised in the Woonsocket Call
gave the proper return date of January 14, 1999.
None of the parties who were served with notice of the pending Petition to Foreclose Redemption — Armand Paul, Claire Paul, Michael Paul, and Howard Croll — responded to the Citation by objecting and/or attempting to answer until the year 2003. Furthermore, there is no record evidence that the above-noted parties relied to their detriment upon the typographical error that was contained in the Citation, or that the parties made any effort to contact the court or Plaintiff's counsel for clarification of the erroneous date noted in the Citation.
In September and October of 2003, before a final decree barring the right of redemption was entered by the Court, pursuant to G.L. § 44-9-30, Armand Paul, Claire Paul, and Michael Paul filed motions requesting to file late answers to the Plaintiff's 1998 Petition to foreclose (the motions were denominated "Motion to Answer Out of Time").
 STANDARD OF REVIEW
The Rhode Island Rules of Civil Procedure do not apply to "Petitions for foreclosure of redemption of interests in land sold for nonpayment of taxes. . . ." Rule 81(a)(2); Murray v.Schillace, 658 A.2d 512, 514 (R.I. 1995); Gaudreau v.Blasbalg, 618 A.2d 1272, 1274 (R.I. 1993). The procedures codified in the Rhode Island Tax Sale Statute apply and the "statute vests Superior Court justices with discretion" to allow or deny redemption of property sold for nonpayment of taxes.See Karayiannis v. Ibobokiwe, 839 A.2d 492, 2003 R.I. LEXIS 171, *13, *14, No. 2001-526 (R.I., June 16, 2003); Albertson v.Leca, 447 A.2d 383, 388-89 (R.I. 1982); G.L. §§ 44-9-25 and44-9-29.
 LEGAL ANALYSIS
The Rhode Island Tax Sale Statute "strikes a fair balance between the interests of the government and private property rights — the state may move quickly to obtain by sale the taxes due, but the owner has ample opportunity to redeem his real estate." Albertson v. Leca, 447 A.2d 383, 388-89 (R.I. 1982). The Rhode Island Tax Sale Statute provides that "taxes assessed against any person in any town for either personal property or real estate shall constitute a lien on the real estate." G.L. §44-9-1. When payment for taxes is "overdue, the tax collector, after proper notice and advertisement, may sell the property or some portion of it at public auction for the amount of taxes and other costs due." Albertson, 447 A.2d at 388-89; G.L. § 44-9-8
and G.L. § 44-9-9. The notice provision concerning tax sales requires that "the collector shall . . . notify the taxpayer of the time and place of sale either by registered or certified mail. . . ." G.L. § 44-9-10. Title to property acquired at a tax sale is contingent upon the owner's nonredemption. G.L. §44-9-12. The owner is entitled to redeem the real estate at any time prior to the filing of a petition to foreclose the right of redemption. G.L. § 44-9-21.
Pursuant to G.L. § 44-9-27, one who files a petition to foreclose the right of redemption must select a court approved title examiner to
 "determine the persons who may be interested in the title, and the petitioner shall, upon the filing of the examiner's report, notify all persons appearing to be interested, whether as equity owners, mortgagees, lienors, attaching creditors, or otherwise. . . ." G.L. § 44-9-27.
The statute's notice requirement for foreclosure of redemption dictates that all parties appearing to be interested receive notice of the petition by registered or certified mail. G.L. §44-9-27. Although the Tax Sale Statute places strict notice requirements upon a petitioner, it also contains mandatory provisions governing the requirements of a proper response to such notice. G.L. § 44-9-31; G.L. § 44-9-29; See KildeerRealty v. Brewster Realty Corp., 826 A.2d 961, 966 (2003). A party who contests the validity of a tax sale must proceed in accordance with the provisions of G.L. § 44-9-31, which provides:
 "If a person claiming an interest desires to raise any question concerning the validity of a tax title, the person shall do so by answer filed in the proceeding on or before the return day, or within that further time as may on motion be allowed by the court, or else be forever barred from contesting or raising the question in any other proceeding. He or she shall also file specifications setting forth the matters upon which he or she relies to defeat the title; and unless the specifications are filed, all questions of the validity or invalidity of the title, whether in the form of the deed or proceedings relating to the sale, shall be deemed to have been waived. Upon the filing of the specifications, the court shall hear the parties and shall enter a decree in conformity with the law on the facts found." G.L. § 44-9-31 (Emphasis added).
A party seeking to redeem must follow the dictates of G.L. §44-9-29. The Tax Sale Statute vests Superior Court justices with discretion to allow or deny redemption. However, the Supreme Court has stated that this discretion — to decide whether or not redemption is appropriate — should be limited to situations in which the party objecting to the foreclosure of redemption made a timely effort to assert his or her rights pursuant to G.L. §44-9-29. Karayiannis v. Ibobokiwe, 839 A.2d 492, 2003 R.I. LEXIS 171, No. 2001-526 (R.I., June 16, 2003) (where the record before the court supported the conclusion that the defendant failed to make a timely demand to redeem, the hearing justice properly foreclosed defendant's rights of redemption). Indeed, the Rhode Island Supreme Court has repeatedly held that a party's failure to comply with the mandatory provisions of the Tax Sale Statute by timely "responding to a petition to foreclose the rights of redemption forever bars the party from contesting title or otherwise challenging the tax sale procedures." UnitedLending Corp. v. City of Providence, 827 A.2d 626, 635 (2003) (citing Karayiannis v. Ibobokiwe, 839 A.2d 492; 2003 R.I. LEXIS 171, No. 2001-526 (R.I., June 16, 2003); Norwest Mortgage, Inc.v. Masse, 799 A.2d 259, 263 (R.I. 2002); Albertson v. Leca,447 A.2d 383, 385-86 (R.I. 1982)). A party who fails to file a timely response to the petition to foreclose the right of redemption is barred from contesting title even if he or she can demonstrate that notice of the initial tax sale was deficient.Kildeer Realty v. Brewster Realty Corp., 826 A.2d 961 (2003) (failure to timely file answer or appear upon notice of a petition cured any prior defects in the notice procedure of the tax sale and was fatal to the appeal); see also Smith v.City of Providence, 828 A.2d 536 (R.I. 2003) (Supreme Court held that a timely but inadequate answer to a petition to foreclose the right of redemption was "the equivalent of a failure to respond" pursuant to G.L. § 44-9-31. Accordingly, the trial court's decision foreclosing the defendant's right to redeem was affirmed.).
Under the Tax Sale Statute, "no tax title shall be held to be invalid by reason of any error or irregularity which is neither substantial nor misleading. . . ." G.L. § 44-9-35. In Murray v.Schillace, 658 A.2d 512 (1995), the petition to foreclose redemption which was served on the defendants contained a misspelling of the mortgager's last name. The Supreme Court applied G.L. § 44-9-35, holding that the error was "neither substantial nor misleading . . . and could have been overcome with ordinary diligence." Murray v. Schillace, 658 A.2d 512, 514 (1995). In Murray, the Court also advised that when a party receives "a certified letter legally describing a piece of property," such notice "should not be disregarded when foreclosure on the piece of property is at stake." Id. at 514. The case was remanded to Superior Court with directions to reinstate the final decree barring the right of redemption. The Court reached a similar result in Rhodes Assocs. v. City ofWoonsocket, 523 A.2d 878 (R.I. 1987). There, the City purchased the property at issue as a result of a tax sale. The deed reflecting that transaction was prepared but not recorded. However, a report of the tax sale was filed in the records of land evidence. The Supreme Court upheld the trial justice's application of G.L. § 44-9-35, stating that "[i]n light of this report on the record [indicating that a tax sale had taken place], a reasonably prudent person would have been led to further inquiry which would have disclosed the tax deed in the files of the city clerk." Rhodes Assocs., 523 A.2d at 879;see also Town of Jamestown v. Pennsylvania Co. for Bankingand Trusts, 101 R.I. 274, 282, 221 A.2d 821, 824 (1966) (Supreme Court upheld trial justice's finding that the failure of the tax collector to file his return and record a deed was not misleading or substantial in part because there was "no evidence on the record that respondent was misled, prejudiced or harmed in any way by the collector's failure to file the return within the prescribed time").
 MOTIONS TO ANSWER OUT OF TIME
Armand Paul, trustee and beneficiary of the Trust, Claire Paul, beneficiary of the Trust, and Michael Paul, heir of deceased co-trustee Marcel Paul, filed motions requesting to file late answers to the Plaintiff's Petition to Foreclose the Trust's rights of redemption. Both Michael Paul and Armand Paul moved to answer late under Rule 6(b)(2) of the Rules of Civil Procedure. Claire Paul did not cite to a procedure or rule in support of her motion. "Petitions for foreclosure of redemption of interest in land" are not subject to the rules of civil procedure. Rule 81(a)(2). Accordingly, this Court treats the Motions to File Out of Time as motions filed under G.L. § 44-9-29 of the Tax Sale Statute, which states that a party claiming interest in a foreclosure proceeding may file an answer "on or before the return day or within that further time as may on motion beallowed by the court. . . ." G.L. § 44-9-29 (emphasis added).
Claire Paul and Armand Paul make the following arguments in support of their Motions to File Out of Time: (1) notice of the 1992 tax sale was deficient because it was sent only to Marcel Paul and was not sent to the other co-trustee and beneficiary, Armand Paul; (2) the method of service of the 1998 petition to foreclose the right of redemption was deficient because it was not served in hand upon Claire Paul (a beneficiary); and (3) the petition to foreclose redemption should be denied because the Citation indicated an "invalid" return date.
Sufficiency of Notice of 1992 Tax Sale
At the time of the 1992 tax sale, Armand Paul and Marcel Paul were the trustees of the Trust, and the beneficiaries of the Trust were Armand Paul, Claire Paul, and Howard Croll. It is undisputed that notice of the tax sale was sent to the Park Realty Trust in care of Marcel Paul, who was a co-trustee of the trust, and that Armand Paul was the other trustee. Further, the City did not mail a copy of the notice to Armand Paul. The applicable notice provision of the Tax Sale Statute requires that notice of a tax sale be sent to the "taxpayer." G.L. § 44-9-10
(1992). On the record before this Court, there is no argument or evidence demonstrating that any person or entity other than the Trust constituted the "taxpayer." Rather, Armand Paul and Claire Paul argue that the notice of the tax sale was deficient because it should also have been sent to Armand Paul by virtue of his status as a co-trustee and a beneficiary.
This Court disagrees. Since the record reflects that notice was directed to the Trust, which was the taxpayer, and the notice was sent in care of one trustee, this Court finds that the notice to Park Realty Trust, of the tax sale was sufficient as to both trustees. It has been held that "[i]n the case of cofiduciaries notice to one is deemed notice to the other." Katz v. Town ofWest Hartford, 191 Conn. 594, 600-601, 469 A.2d 410, 414 (1983) ("The same rule applies with respect to a joint tenancy . . . [i]t also applies to tenants in common who are jointly pursuing the common purpose of selling, leasing or managing their real estate") (citations omitted); see also 3 Maurice H. Merrill,Merrill on Notice § 1341 (1952) (where there are several trustees, notification given to one trustee — concerning the property interest represented by the trust estate — is sufficient) (citing, inter alia, Conrad v. Hawk, 122 Ca. App. 649, 10 P.2d 534 (1932); Foster v. Mix, 20 Conn. 395
(1850)). Accordingly, the taxpayer was properly notified of the 1992 tax sale in accordance with G.L. § 44-9-10 (1992), and the failure of the City to mail notice of the tax sale to the co-trustee is of no legal significance.
Sufficiency of Notice of 1998 Petition to Foreclose the Right ofRedemption
In 1998, Armand Paul was the sole trustee of the Trust because Marcel Paul died in 1992 and was not succeeded by another trustee. The beneficiaries, at that time, were Armand Paul, Claire Paul, and Howard Croll. In regard to the sufficiency of the notice of the Petition to Foreclose the Right of Redemption served in 1998, Armand Paul and Claire Paul argue that the Plaintiff failed to notify all "interested parties." They contend that Claire Paul, as a beneficiary, was an interested party and they claim that notice of the Petition to Foreclose the Right of Redemption was not properly served upon Ms. Paul. The applicable provision of the statute requires that parties who appear to be interested must be provided with notice. G.L. § 44-9-27. In this case, the title report found that the Trust was the interested party. That report was accepted by the Court in its Order of Notice. The record demonstrates that Armand Paul, the sole trustee at that time, received notice of the Petition. Since the Trust was the sole interested party identified in the title report, notice to the sole trustee is all that was required. G.L. § 44-9-27; see also Greenough v. Tax Assessors of the Cityof Newport, 71 R.I. 477; 47 A.2d 625 (1946) (for the purposes of taxation, the trustee is the owner of the property he holds in trust). Therefore, the Plaintiff provided the required notice of the Petition to Foreclose Redemption in accordance with G.L. §44-9-27 (1998), and the Court's Order of Notice.
Although Claire Paul was not entitled to notice of the Petition to Foreclose, the undisputed evidence demonstrates that she, in fact, did receive such notice. The record reflects that Claire Paul maintained an active address in Massachusetts, the Citation was sent to that address by certified mail, and the Citation was signed for, on her behalf, in December of 1998. Contrary to her assertions, Claire Paul was not entitled to personal service.See Amy Realty v. Gomes, 839 A.2d 1232, 2004 R.I. LEXIS 18, No. 2002-480 (R.I., January 21, 2004) (Rhode Island Supreme Court analyzed § 44-9-10 (1999), holding that service by certified mail satisfied the notice requirement of that statute. The Court stated that "[a]ctual notice was not required; otherwise, taxpayers seeking to avoid payment could dodge the tax collector merely by refusing to pick up their certified or registered mail."); G.L. § 44-9-27 (1998). Furthermore, it is undisputed that notice of the Petition to Foreclose was sent by certified mail to the trustee and all the beneficiaries of the Trust. As such, the Plaintiff notified all parties who could potentially claim to be interested; thereby more than amply satisfying the requirements of the Tax Sale Statute. Accordingly, Claire Paul and Armand Paul's argument that the Petition to Foreclose the Right of Redemption should be denied for failure to notify all interested parties fails.
Validity of the 1998 Citation
Claire Paul and Armand Paul next argue that the Petition to Foreclose Redemption should be denied because the Citation contained an "invalid" return date. The record before the Court reflects that the trustee and all beneficiaries were served with Citations, which gave notice of a pending foreclosure proceeding. The Citation was served by certified mail, it described the property, and it stated in no uncertain terms that failure to respond would result in the parties being forever barred from contesting the petition or decree. The Citation made reference to dates that notice would be published in the newspaper, and at least one of the published notifications referred to the proper return date without the typographical error. Further, the Citation included the name and address of the petitioner's attorney. Although the Citation was issued and served in December of 1998, it required the parties to respond by "January 1998" — an impossibility.
This Court finds that the typographical error in the Citation was neither substantial nor misleading. Accordingly, the typographical error does not invalidate the Petition. Rhode Island General Law § 44-9-35 provides that "no tax title shall be held to be invalid by reason of any error or irregularity which is neither substantial nor misleading. . . ." Having received a certified letter that legally described a piece of property and indicated that foreclosure of the right to redeem was "at stake," the recipients should not have disregarded the notice, despite the error in return date. Murray v. Schillace, 658 A.2d 512, 514 (R.I. 1995). Ordinary prudence required that any person claiming to be an interested party seek clarification after receiving a legal notice that contained a clear misstatement of the calendar year. Rhodes Assocs. v. City of Woonsocket,523 A.2d 878, 879 (R.I. 1987) (Rhode Island Supreme Court upheld the trial justice's application of G.L. § 44-9-35, stating that in light of the evidence on the record indicating that a tax sale had taken place, "a reasonably prudent person would have been led to further inquiry which would have disclosed the tax deed in the files of the city clerk."). Here, the evidence is clear that all potentially interested parties received the notice, yet none responded on the return date or even within a reasonable period of time after the return date. Further, the record is bereft of any evidence that the parties were actually misled by the error. See Town of Jamestown v. Pennsylvania Co. for Bankingand Trusts, 101 R.I. 274, 282, 221 A.2d 821, 824 (1966) (Court affirmed a finding that the error was not misleading or substantial in part because there was "no evidence on the record that respondent was misled, prejudiced or harmed"). In contrast, in this case, the affidavit of Michael Paul demonstrates that he made a conscious decision not to respond to the Petition. Both Armand Paul and Claire Paul remain silent on this issue as they have not presented the Court with affidavits to explain their delay in responding to the Petition to Foreclose the Right of Redemption. Based on all the evidence in the record, the Court finds that the notice of the Petition to Foreclose the Right of Redemption was valid.
Michael Paul did not submit a memorandum in support of his motion to file a late answer. Instead, he filed an affidavit stating that he entered an agreement with Plaintiff wherein he would forego objecting to the Petition, and Plaintiff agreed to develop the property with him. He states that on or about December 15, 2001, Plaintiff breached their employment agreement. Further, he asserts that his failure to object was "a direct result of [his] detrimental reliance on Plaintiff's offer and agreement . . ." and he claims his failure to answer is excusable.
The Court finds Michael Paul's reasons for his failure to respond to the Petition to Foreclose Redemption are insufficient to justify his extraordinary delay in responding to the Petition. Even if the Court were to accept his claim of "detrimental reliance," the affidavit explains that the employment relationship ended in December of 2001. Therefore, the fact that Michael Paul waited until Fall of 2003 to respond was not reasonable and is fatal to his motion. See Karayiannis v.Ibobokiwe, 839 A.2d 492, 2003 R.I. LEXIS 171, *13, No. 2001-526 (R.I., June 16, 2003) ("Legislature's intention in enacting G.L. § 44-9-31 [was] to stabilize tax titles, and any construction of the statute to permit an eleventh-hour challenge to the validity of the tax title would frustrate this salutary purpose."). In light of the foregoing analysis, the Motions to File Out of Time are denied.
 PLAINTIFF'S MOTIONS
The Plaintiff filed a Petition to Foreclose the Right of Redemption in 1998. The record is silent on the reason for Plaintiff's failure to cause a final decree to enter at that time. Although Plaintiff's efforts to cause the final decree to enter were significantly delayed, this fact is not fatal to the Petition because the applicable section of the Tax Sale Statute does not specify a time table for the entry of the final decree. G.L. § 44-9-30.
The Plaintiff has filed a Motion to Strike Claire Paul's Objection to the Foreclosure Petition. In support of the Motion, Plaintiff argues that Claire Paul does not have standing to redeem the property or object because she is a beneficiary of the Trust and does not constitute an "interested party" under the Tax Sale Statute. Further, Plaintiff argues that Claire Paul's Objection should be rejected because it was filed too late and because it was not accompanied by a Motion to File Out of Time. As the Rules of Civil Procedure do not apply to Petitions to Foreclose the Right of Redemption, it appears that a Motion toStrike is not permitted under the Tax Sale Statute. Rule 81; G.L. § 44-9-1 et seq. The Court finds, however, that Claire Paul's Objection to the Petition to Foreclose Redemption fails to meet the requirements of G.L. § 44-9-29. In the instant matter, Claire Paul failed to file an answer to the Petition on or before the return date set by the Court. In addition, her Objection to the Petition to Foreclose Redemption neither set forth her right in the land nor presented an offer to redeem. Therefore, her Objection failed to comply with the requirements set forth in G.L. § 44-9-29.
Assuming arguendo that Claire Paul's Objection has been filed pursuant to G.L. § 44-9-31, to contest the validity of the tax title, she also failed to meet the requirements of that section of the Tax Sale Statute. Specifically, her objection was untimely and failed to set forth "specifications setting forth the matters upon which . . . she relie[d] to defeat title." G.L. § 44-9-31. Therefore, in accordance with G.L. § 44-9-31, her right to question the validity of the title is deemed to have been waived. In sum, the Court finds that Claire Paul's untimely response to the Petition to Foreclose Redemption was defective pursuant to both G.L. §§ 44-9-29 and 44-9-31. Thus, her Objection to Plaintiff's Petition to Foreclose Redemption has no force or effect. See Smith v. City of Providence, 828 A.2d 536 (R.I. 2003) (Supreme Court held that a timely but inadequate answer to a petition to foreclose the right of redemption was "the equivalent of a failure to respond.").
The Plaintiff also filed a Motion to Default Armand Paul, which argues that a default should enter against Armand Paul because he, as sole trustee of the Trust, failed to respond to the Petition by the return date. The record is clear that Armand Paul received notice of the Petition, which was properly served pursuant to § 44-9-27 (1998), and he failed to respond in accordance with the dictates of the Tax Sale Statute. Accordingly, Plaintiff's Motion to Default as against Armand Paul pursuant to G.L. § 44-9-28 is appropriate.
 CONCLUSION
After a hearing and careful review of the record and briefs, the Court finds that the facts shown do not entitle Claire Paul, Armand Paul or Michael Paul to the right to redeem the properties in question because they did not timely assert their rights after receiving notice of the Petition to Foreclose the Right of Redemption. The Court makes the following rulings:
 Michael Paul's Motion to Answer Out of Time is DENIED.
 Armand Paul's Motion to Answer Out of Time is DENIED;
 Claire Paul's Motion to Answer Out of Time is DENIED;
 Claire Paul's Objection to Plaintiff's Petition to Foreclose the Right of Redemption is untimely and insufficient, and the same is DENIED AND DISMISSED;
 Plaintiff's Motion to Default Armand Paul pursuant to G.L. § 44-9-28 is GRANTED.
Plaintiff may present an order reflective of the above, together with a decree consistent with G.L. § 44-9-30 which shall forever bar all rights of redemption in the subject property.
[1] Certain sections of the Tax Sale Statute were amended in 2003 with the amendments to take effect on January 7, 2004. The relevant changes, however, were not retroactive and therefore do not apply to the facts in this matter.
[2] Armand Paul filed one memorandum which addresses both his Motion to File Out of Time and his Objection to Plaintiff's Motion to Default.