221 A.2d 821.

TOWN OF JAMESTOWN *vs.* THE PENNSYLVANIA COMPANY FOR BANKING AND TRUSTS, TRUSTEE, *et al.*

JULY 29, 1966.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is a petition by the town of Jamestown, the purchaser at a tax sale of the land involved in this case, to foreclose all rights of redemption arising under such sale. The action was brought under the provisions of the "Tax Sales" statute, G. L. 1956, chap. 9 of title 44 (P. L. 1946, chap. 1800). The pleadings filed by the respondent trustee consist of an "Answer and Specifications" and a "Respondent's Specifications." The cause is before this court on the respondent trustee's appeal from a decree of the superior court granting the prayers of the petition.

The pertinent allegations in the petition, in substance, are that the land in question was sold on August 26, 1950 by petitioner for nonpayment of taxes; that more than one year from the date of such sale had elapsed and no redemption had been made; that petitioner held title under a tax deed dated October 16, 1950 and duly recorded on the same date; that said deed was recorded within

sixty days from the date of sale; and that the tax sale proceedings had been conducted according to law.

We note here that we confine our discussion only to such facts as are necessary to a consideration of the issues raised by this appeal. The instant petition is dated May 31, 1963 and was filed in the superior court on the same date.

At the hearing in the superior court respondent contended that the tax sale and the deed given thereunder were void. It relied principally on two grounds which were set forth in its "Respondent's Specifications." The first of these grounds was its claim that after the August 26, 1950 sale, the tax collector of the town of Jamestown did not bring in his return and did not make and record his deed to the town within the time prescribed "by the statutes in force and governing such collection proceedings." The second was that the collector's return shows that an attorney's fee and expenses were charged by the town in connection with the sale proceedings, "which fee and expenses were not authorized by the statutes in force and governing such collection proceedings."

The principal evidence before the superior court consisted of a certified copy of the advertisement of the tax sale, a copy of a notice filed with the town clerk on July 3, 1963 stating that the instant petition to foreclose had been filed in the superior court on May 31, 1963, and a certified copy of the "Collector's Deed" conveying title to the land in question to the town subject to rights of redemption. This deed includes the collector's return.

The deed and the collector's return are incorporated in one instrument which is dated October 16, 1950 and recites recordation on the same date with the town clerk. It appears from the information contained therein that the town assessed certain taxes on the land in question for the years 1936 through 1949; that the taxes had not been paid;

that because of such nonpayment the tax collector levied upon said real estate and on August 26, 1950 conducted a sale thereof; that there were no bidders at such sale; and that in the circumstances the collector purchased the land for the town for the sum of $16,781.44, the amount of the taxes and charges and expenses of sale which the deed lists as follows:

| | |
|---|---:|
| "Total Tax | 9217.70 |
| Interest | 7303.09 |
| Attorney's Fee | 250.00 |
| Auctioneer' Fee | 5.00 |
| Advertising | 2.50 |
| Posting | 3.15 |

$16,781.44"

After the hearing the superior court entered a decision and a decree based thereon granting the petition. The court found that there was no evidence that the charge for attorney's fee was unreasonable; that the collector's alleged failure to file his return within thirty days of the sale did not in any way prejudice, harm or mislead respondent, and that the error, if any, was not substantial or misleading; that G. L. 1956, §44-9-35, which provides that no tax title shall be invalid by reason of any error or irregularity which is neither substantial nor misleading, was applicable; and that respondent had not satisfied the court that it was ready to redeem the property since it had failed to file an answer showing an offer to redeem.

The decree contains findings that the sum of $250 for attorney's fees was not unreasonable or unfair and did not vitiate the tax sale; that respondent was in no way prejudiced, harmed or misled by the filing of the collector's deed containing the collector's return within fifty-one days after the date of the sale; that if the filing of the collector's return within fifty-one days was error, it was not a

substantial or misleading error; and that no offer to redeem or to do equity had been made by respondent.

The respondent has briefed and argued its reasons of appeal under three main points. For convenience we shall treat them in like manner. But because we believe the threshold question is whether the tax collection proceedings are governed by the law in effect at the time of the sale, or by the law in effect at the time the taxes were assessed, we shall at the outset consider the contentions made by respondent under point III of its brief. As we have already pointed out petitioner brought this petition under the provisions of G. L. 1956, §§44-9-25 et seq., which was enacted by P. L. 1946, chap. 1800, and became effective January 1, 1947.

The pertinent sections of chap. 1800 prescribe a new procedure for the perfection and validation of title to property sold at a tax sale. Section 43 of chap. 1800 (§44-9-25) provides a new remedy for the foreclosure of all rights of redemption resulting from a sale of land for taxes. The respondent contends that chap. 1800 applies only to tax sales held for the collection of taxes assessed after January 1, 1947, the effective date of chap. 1800, and not to sales held for the collection of taxes assessed prior thereto. It relies on sec. 66 of chap. 1800 which reads as follows:

> "Section 66. *Effective Date.* This act shall take effect January 1, 1947, and all acts and parts of acts, whether general or special, which are repugnant to the provisions hereof, are hereby repealed; but such repeal shall not affect the collection of any tax heretofore assessed, or any proceedings for the collection of any tax heretofore assessed authorized at the time of the ordering of the assessment thereof, or any right accrued with respect to any tax heretofore assessed, or any suit or proceeding with reference to any tax heretofore assessed, whether commenced before or after the time when such repeal shall take effect."

We are unable to agree with respondent's interpretation of sec. 66. Before discussing the provisions of sec. 66 it may be helpful to point out that, apart from statute, the general rule is that both the right of redemption of the delinquent taxpayer or those claiming under or through him and the rights of the tax sale purchaser are to be determined by the laws in force at the time of the sale. See Annot. 111 A.L.R. 237 et seq. It does not appear from a reading of sec. 66, particularly the savings clauses therein, that the legislature intended, as respondent contends, that no proceeding could be taken by any town under the provisions of chap. 1800 to collect a tax which has already been assessed.

It is clear that the legislature enacted chap. 1800, which is remedial in nature, to simplify tax foreclosure proceedings. In our opinion the legislature intended chap. 1800 to apply to all tax sales occurring after its effective date, including sales to collect taxes which had been assessed prior thereto. The savings clauses included in sec. 66 are not for the benefit of the delinquent taxpayer; they merely provide that the repeal of prior repugnant acts shall not affect the collection, or any proceeding for the collection, of any tax assessed prior to the effective date of the act. In brief, the savings clauses are all for the benefit or advantage of the taxing authority and provide that any rights accrued to such authority with respect to any tax already assessed shall be preserved. No question of retroactive application of a statute is involved in this case. The only question is whether a statute passed in 1946 applies to a tax sale conducted in 1950. We have decided that it does.

We come now to respondent's contention under point I of its brief that the 1950 tax sale is void and the deed given thereunder is invalid because the collector failed to file his return and to make and record his deed within the

time prescribed by the applicable statute. With respect to the collector's deed sec. 32 of chap. 1800 (§44-9-12) provides in part that "Such deed shall not be valid unless recorded within sixty days after the sale." The uncontradicted evidence in the case at bar is that the collector's deed was recorded on October 16, 1950, within fifty-one days of the sale. In light of our conclusion that chap. 1800 is applicable, it follows that the deed was recorded within the prescribed time.

With respect to the collector's return, sec. 33 of chap. 1800 (§44-9-13) provides in part "the collector in all cases of sales of real estate shall record a return of all his proceedings under oath in the real estate records of the town within thirty (30) days after the sale * * *." Although there is no affirmative evidence that the collector did not file the return within the prescribed time, the only evidence is that the return was included in the collector's deed which, as already stated, was recorded on October 16, 1950, fifty-one days after the tax sale. The respondent contends that such late filing is sufficient in and of itself to invalidate the sale and the deed given thereunder. To support its argument respondent cites *Thurston* v. *Miller,* 10 R. I. 358, *Clark* v. *Baker,* 47 R. I. 1, and *Canal St. Garage & Auto Servicing Co.* v. *Allen,* 66 R. I. 129. We are unable to agree with respondent's conclusion on this issue.

In our opinion §44-9-35 is applicable to this case. That section reads as follows:

> "No tax title shall be held to be invalid by reason of any error or irregularity which is neither substantial nor misleading, whether such error or irregularity occurs in the proceedings of the collector or the assessors or in the proceedings of any other official or officials charged with duties in connection with the establishment of such tax title."

Assuming arguendo that §44-9-13 is mandatory and that the return was not filed within the thirty days, there is

no evidence in the record that respondent was misled, prejudiced or harmed in any way by the collector's failure to file the return within the prescribed time. The superior court's finding to that effect, as well as its finding that the error if any was not substantial or misleading, is supported by the evidence.

Prior to the present statute the importance of the return was to furnish notice to the delinquent taxpayer. See Blackwell, Tax Titles (4th ed. 1875), where the author states at page 337:

> "By the return, the owner is always enabled, by going to the proper officer, to ascertain with certainty the fact of sale, and protect his interest in the premises by a redemption, or at his peril contest the validity of the proceedings."

Because in earlier times the return was the only vehicle for giving the taxpayer such notice, compliance with the requirements of a timely return was of great importance. See 2 Cooley, Taxation (3d ed. 1903) at page 989, where the author says:

> "The making of this report is important to the landowner if his right to redeem is to depend upon or be ascertained by it, and then the failure to make it would be fatal. If made, it should be filed or recorded in proper time, and should conform in its recitals and certification to the statutory requirements * * *. But where the case is such that a report is of no importance to the land-owner, he would probably not be heard to complain of a failure to make return, or of errors or imperfections in it."

The return is no longer the only means of notice to a taxpayer. Under §44-9-12, there is a new requirement that the collector's deed, containing prescribed and essential information, be recorded within sixty days after the sale. The recording of the deed constitutes notice to the taxpayer of the sale and furnishes him with all the information necessary to challenge the validity of the sale or to

redeem the property. As the court said in *Spencer* v. *Kilbourn*, 80 R. I. 38, at page 42:

> "It is plain that one of the objects in having the tax deed contain such information is to enable the owner of the property to ascertain from the deed how much he will have to pay to redeem any particular lot or parcel of land which has been sold for nonpayment of taxes."

The present statute contains other provisions which lessen the traditional importance of the collector's return, in the absence of evidence that the taxpayer was injured by an untimely filing thereof. An examination of cases from other jurisdictions supports the result which we reach on this question. These cases, for various reasons, support the view that a late or defective filing of a collector's return is not fatal where there is no substantial injury to the taxpayer. See *Free* v. *Greene*, 175 Md. 36, *Hickey* v. *Peck*, 180 Md. 289, *Allen* v. *Allen*, 114 Wis. 615, *Banchor* v. *Bass*, 186 Okl. 22, and *Johnson* v. *Bloomer*, 191 Okl. 368.

*Thurston* v. *Miller, Clark* v. *Baker* and *Canal St. Garage & Auto Co.* v. *Allen,* all *supra,* cited by respondent, do not support its contention that a late filing of the collector's return invalidates the tax sale and tax deed. A careful reading of those cases indicates that they are so clearly distinguishable on their facts from the case at bar as to require no further discussion, except to point out that those cases involved tax sales which occurred prior to the enactment of §44-9-35 by P. L. 1937, chap. 2533.

We have not overlooked *Parker* v. *MacCue,* 54 R. I. 270, cited by respondent for the rule that tax statutes will be strictly construed in favor of the taxpayer. Nothing we say here is intended to modify or relax the holding in that case, which was not affected by the remedial statute, §44-9-35. We are merely applying that statute to this case, and in the absence of evidence that respondent was in any way prejudiced, harmed or misled, we are constrained

to agree with the conclusion of the superior court that the untimely filing of the collector's return was not a substantial or misleading error so as to vitiate the tax sale or the deed given thereunder.

Under point II respondent contends that the charging of an attorney's fee in the amount of $250 by the tax collector in connection with this tax sale constituted such a serious departure from the collection procedures authorized by the statute as to invalidate the sale and the deed given pursuant thereto. There is no evidence in this record that the amount charged is unreasonable or unfair. The narrow issue raised by respondent is whether a charge for an attorney's fee in connection with a tax sale in and of itself invalidates the sale if provision for such a charge is not specifically authorized by statute. Some cases support respondent's contention, but we believe that the better reasoned decisions permit reasonable charges to be made for proceedings necessary for the collection of taxes or services connected therewith. See *League* v. *Texas,* 184 U. S. 156, at pages 159, 160:

> "Defendant further contends that interest, expenses and costs are included in the new remedy by judicial proceedings which were not provided for by the prior statutes in reference to collector's sales. The Court of Civil Appeals and the Supreme Court of the State dealt with this question in these ways. * * *
>
> "The costs referred to are simply the ordinary expenses which attend proceedings of the character prescribed, to wit, compensation to the collector for preparing the delinquent list and certifying it to the commissioners; to the county attorney for conducting the suit; to the sheriff for selling the land, and to the district clerk for making the court records. There is no pretence that any separate charge is exorbitant or unreasonable. And if the State is compelled to resort to such proceedings for the collection of its taxes it may provide reasonable compensation for the officials charged with any duty in connection there-

with, and incorporate the charges therefor as costs in the case. Liability for these costs and expenses can be avoided by payment of taxes, and a delinquent taxpayer, one who fails to discharge his obligations to the State, compelling it to go into court to enforce payment of the taxes due upon his land, has no ground of complaint because he is charged with the ordinary fees and expenses of a law suit."

See also *Gardner* v. *Jones,* Okl., 309 P.2d 731.

Section 44-9-14, providing for the purchase by the collector for the town, reads as follows:

"If at the time and place of sale no person bids for the land offered for sale an amount equal to the tax and charges, the collector shall then and there make public declaration of the fact; and, if no bid equal to the tax and charges is then made, he shall give public notice that he purchases for the town by which the tax is assessed said land as offered for sale at the amount of the tax and the charges and expenses of the levy and sale. Said amount, together with the cost of recording the deed of purchase, shall be allowed him in his settlement with such town, provided he has caused the deed to be duly recorded within sixty (60) days after the purchase and to be delivered to the town treasurer."

Some of the duties imposed upon the collector by the tax sales statute clearly contemplate the services of persons skilled in the law or title work. Section 44-9-14 provides that "the amount of the tax and the charges and expenses of the levy and sale * * * together with the cost of recording the deed of purchase, shall be allowed him [the collector] in his settlement with such town * * *." In our judgment an attorney's fee is a necessary "expense" within the contemplation of §44-9-14. We believe that this conclusion is supported by the rationale of the court in *Gordon* v. *Quinn,* 43 R. I. 473, where the court said at page 476:

"In the absence of statutory provision, fixing the amount of his compensation, the collector would be

entitled to include as expenses a reasonable charge for the performance of such duties as the law imposes upon him, and also the sums necessarily paid out by him in connection with the levy upon and the sale of the real estate for unpaid taxes."

The respondent trustee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Daniel J. Murray,* Town Solicitor, *Letts & Quinn, Jerome B. Spunt,* for petitioner.

*Feiner, Parmenter & Winsten, William E. Parmenter, Jr.,* for respondent trustee.