Alexandra L. POLLARD

v.

ACER GROUP, a Rhode Island General Partnership.

No. 2003–34–Appeal.

Supreme Court of Rhode Island.

March 8, 2005.

Eileen Hadfield, for Plaintiff.

Patrick T. Conley, East Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

# OPINION

ROBINSON, Justice.

The plaintiff, Alexandra L. Pollard, appeals from a Superior Court judgment denying her motion for summary judgment and granting the motion for summary judgment that had been filed by the defendant, Acer Group, a Rhode Island general partnership. In her appeal to this Court, the plaintiff challenges the constitutionality of the Rhode Island tax sale statute as it existed at the time of the tax sale of certain property that Mrs. Pollard owned in Newport, Rhode Island.[1] A threshold (and ultimately dispositive) issue in this case is whether, given our long-standing policies, the plaintiff's constitutional argument that was not raised below should be heard by this Court. The plaintiff explicitly concedes that she did not raise in the Superior Court the constitutional issue that she now argues on appeal, but she contends that this Court should nonetheless address her constitutional issue.[2] We conclude that the plaintiff should not be permitted to raise the constitutional issue for the first time in this Court,[3] and we accordingly affirm the judgment of the Superior Court.

## Facts/Travel of the Case

On April 23, 1973, plaintiff and her now-deceased husband, Edgar Pollard, pur-chased the property at issue, which is located at 24 Southmayd Street, Newport. The couple retained ownership of the property after moving to Virginia in 1979. In 1986, after her husband's death, plaintiff took ownership in fee simple. In August 1999, the City of Newport sold the property at a tax sale to an entity called "Newport Group—99" for $2,644.44, pursuant to the procedures set forth in G.L. 1956 chapter 9 of title 44. Thereafter, in December 2000, Newport Group—99 conveyed its interest in the property to defendant, and defendant then proceeded to file in Newport County Superior Court a petition to foreclose—which petition specifically indicated that, if granted, "all rights of redemption" would thereby be foreclosed.[4] On January 13, 2001, plaintiff received notice of defendant's petition to foreclose the rights of redemption, which required a response by plaintiff within twenty days of receipt (February 2, 2001).

The petition stated in relevant part:

"If you desire to make any objection or defense to said petition you or your attorney must file a written appearance and answer, under oath, setting forth clearly and specifically your objections or defense to each part of said petition, in the office of the Superior Court in *Newport* on or before the 20th day fol-

---

1. *See* G.L. 1956 chapter 9 of title 44 (since amended).

2. In her brief, plaintiff claimed that "while not raised below, [plaintiff's] argument that the provisions of R.I.G.L. [chapter 9 of title 44], violate her right to due process under the Fourteenth Amendment may be reviewed by this Honorable Court".

3. The plaintiff's brief to this Court focuses *exclusively* on her constitutional (Fourteenth Amendment due process) argument. Therefore, we need not and shall not address any of the statutory arguments that are contained in defendant's brief.

4. *See* § 44–9–25, which provides in relevant part:

"After one year from a sale of land for taxes, * * * whoever then holds the title acquired may bring a petition in the superior court for the foreclosure of all rights of redemption thereunder. The petition shall set forth a description of the land to which it applies, with its assessed valuation, the petitioner's source of title, giving a reference to the place, book, and page of record, and other facts as may be necessary for the information of the court."

lowing the day of receipt of this Citation next, that you may then and there show cause, if any, why the prayer of the petition should not be granted."

It is uncontested that plaintiff received the petition; the postal receipt is part of the record. It is also uncontested, however, that plaintiff failed to respond to the petition within twenty days of receipt. Accordingly, on defendant's motion, the Superior Court, on February 23, 2001, entered a default judgment against plaintiff, which by its terms forever foreclosed her right of redemption.

■ On May 30, 2001, more than three months after the default judgment was entered, plaintiff commenced a separate civil action against defendant in the Superior Court for Newport County, seeking to invalidate the default judgment by contesting the validity of the tax sale.[5] In her complaint, plaintiff alleged that the notice procedures employed by the City of Newport violated the Rhode Island tax sale statute.[6] *See* chapter 9 of title 44. The plaintiff and defendant eventually filed cross-motions for summary judgment.[7] The Superior Court denied plaintiff's motion and granted defendant's motion, finding that the procedures set forth in the tax sale statute had been complied with, and that, therefore, the tax sale of plaintiff's property was valid.[8] On appeal to this

---

5. Section 44–9–28 provides:
   "After the return day fixed, to be at least twenty (20) days after the time of the actual issuance of notice, the court shall, if satisfied that the notice has been properly given, on motion of the petitioner enter an order defaulting all persons failing to appear, and decreeing that the petition as to them be taken as confessed * * *."
   *See also* § 44–9–30 ("If a default is entered under § 44–9–28 * * * a decree shall be entered which shall forever bar all rights of redemption.").
   The Court has also decided today, in the case of *Sycamore Properties, LLC, v. Tabriz Realty, LLC*, 870 A.2d 424, 426, 2005 WL 525439 (R.I.2005), that, pursuant to § 44–9–24, as amended by P.L. 2002, ch. 140, §§ 1, 2 (effective January 7, 2003), a taxpayer's right to bring a separate action to vacate a foreclosure decree is triggered by the entry of the foreclosure decree itself; and, therefore, the law in force on the date of the decree governs the action. Because the default judgment foreclosing on the property in this case was entered on February 23, 2001 (before the effective date of the amendment), plaintiff could not have invoked the recent amendment or our interpretation of its language.

6. This Court has held that absolute title can be conveyed only if the underlying tax sale was valid. *L. Brayton Foundry Building, Inc. v. Santilli*, 676 A.2d 1364, 1366 (R.I.1996) (upholding a Superior Court order denying the appellants petition to foreclose the right of redemption and invalidating a tax sale when a

tax collector had not undertaken "reasonable" efforts to determine the taxpayers last and usual place of abode, but had merely mailed notice to the four-year-old address listed on the deed to the property in question); *Ashness v. Tomasetti*, 643 A.2d 802, 811 (R.I.) (upholding a Superior Court decision vacating a default judgment that had foreclosed a property owners rights of redemption and agreeing with the Superior Court that the underlying tax sale was invalid due to lack of proper notice to the interested parties), *cert. denied*, 513 U.S. 963, 115 S.Ct. 425, 130 L.Ed.2d 339 (1994).

7. The Superior Court's decision indicates that cross-motions for summary judgment were filed. We note, however, that the record does not contain plaintiff's motion for summary judgment.

8. It should be noted that plaintiff filed her notice of appeal on October 2, 2002, even though the final judgment was not entered until October 10, 2003. The plaintiff's appeal was, therefore, technically premature under Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure. This Court, however, has held that an appeal filed after an oral decision but before a final judgment had been entered may be treated as timely in the interests of justice and to avoid undue hardship. *Russell v. Kalian*, 414 A.2d 462, 464 (R.I.1980); *see also United Lending Corp. v. City of Providence*, 827 A.2d 626, 631 n. 9 (R.I.2003). We shall act in that manner in this case.

Court, appellant does not challenge that ruling by the Superior Court. Instead, defendant raises an entirely new issue for our review, *viz.*, whether the Rhode Island tax sale statute as it existed at the time plaintiff's property was sold violates the Fourteenth Amendment's due process requirements.

### Analysis

■■■■ The plaintiff's brief on appeal extensively argues that the tax sale scheme underlying the petition to foreclose her rights of redemption is unconstitutional.[9] Unfortunately for plaintiff, however, she utterly failed to articulate such an argument in the Superior Court. Accordingly, pursuant to one of our most well-established principles (the raise or waive rule), that argument will not be considered by us. *See, e.g., State v. Saluter*, 715 A.2d 1250, 1258 (R.I.1998) ("It is axiomatic that 'this court will not consider an issue raised for the first time on appeal that was not

properly presented before the trial court.'") (quoting *State v. Gatone*, 698 A.2d 230, 242 (R.I.1997)); *Chase v. Bouchard*, 671 A.2d 794, 795 (R.I.1996) ("One of our most settled doctrines in this jurisdiction is that a matter not raised before the trial court may not be raised for the first time on appeal."); *Ferland Corp. v. Bouchard*, 626 A.2d 210, 217 (R.I.1993) ("It is a well-settled rule of appellate practice that matters not brought to the attention of the trial justice may not be raised for the first time in this court on appeal."); *Bouchard v. Clark*, 581 A.2d 715, 716 (R.I. 1990) ("It is an established rule of law in Rhode Island that this court will not consider an issue raised for the first time on appeal that was not properly presented before the trial court.").[10]

The following statement by former Chief Justice Weisberger in his treatise concerning appellate procedure well summarizes our position in this regard:

**9.** The plaintiff is not the only litigant to have questioned the constitutionality of the scheme *involved here.* On March 30, 2004 (*i.e.*, subsequent to the Superior Court's decision in this case), the United States District Court for the District of Rhode Island, affirming an earlier decision by the Bankruptcy Court, held the tax sale statute to be unconstitutional. *In re Pontes*, 310 F.Supp.2d 447, 456 (D.R.I.2004) (holding that the tax sale statute, chapter 9 of title 44, violates the Due Process Clause of the Fourteenth Amendment because it permits a purchaser to "wait until the last possible moment to inform the property owner * * * of the right of redemption.").

**10.** The question of whether an appellate court *ever* should consider a constitutional issue that was not raised below is both difficult and sometimes troubling. It is noteworthy that this Court has declined to lock the door in an unequivocal manner and has recognized the existence of a narrow exception to the "axiomatic" raise or waive rule. *State v. Breen*, 767 A.2d 50, 57 (R.I.2001). Accordingly, in very limited circumstances, this Court has

permitted arguments concerning basic constitutional rights to be presented for the first time on appeal. *State v. Mastracchio*, 672 A.2d 438, 446 (R.I.1996). For this exception to be successfully invoked, however, it must involve (*inter alia*) an issue that is "based upon a novel rule of law of which counsel could not reasonably have known at the time of trial." *State v. Burke*, 522 A.2d 725, 731 (R.I.1987); *see also Breen*, 767 A.2d at 57.

We are not convinced that the present plaintiff's belatedly articulated constitutional argument can fairly be said to involve what, objectively speaking, constitutes "a novel rule of law." Challenges to various statutory schemes on due process grounds because of perceived deficiencies in the notice mechanism have been the focus of a great deal of litigation for many years. *See generally* Henry J. Friendly, *"Some Kind of Hearing,"* 123 U. Pa. L. Rev. 1267, 1280–81 & nn. 76–77 (1975). Accordingly, since there is nothing especially "novel" about her constitutional argument, we are of the view that plaintiff in this case may not successfully invoke the narrow exception to the raise or waive rule.

"The Supreme Court of Rhode Island has been steadfast in its adherence to the general proposition that no issues may be raised on appeal unless such issues were presented to the trial court in such a posture as to alert the trial justice to the question being raised." Joseph R. Weisberger, *Rhode Island Appellate Practice*, Rule 16.5 at 89 (1993).[11]

In our view, this case falls squarely within the raise or waive rule; and we perceive absolutely no exceptional circumstances here indicating that said rule should be disregarded.

The plaintiff seeks to avoid the raise or waive rule by first claiming that the alleged failure of chapter 9 of title 44 to comport with the due process requirements of the Fourteenth Amendment constitutes a "jurisdictional infirmity." She then goes on to argue that when a statute allegedly contains such a "jurisdictional infirmity," a party is entitled to invoke the rule that an argument as to lack of subject matter jurisdiction may be raised at any time.[12]

■ We disagree with appellant's characterization. In our view, plaintiff's belatedly raised constitutional due process argument is not jurisdictional in nature. *Cf. Sawyer v. Cozzolino*, 595 A.2d 242, 244–45 (R.I.1991). It is certainly true that a claim of lack of subject matter jurisdiction may be raised at any time. *LaPetite Auberge, Inc. v. Rhode Island Commission for Human Rights*, 419 A.2d 274, 280 (R.I.1980); *see also* Rule 12(b)(1) of the Superior Court Rules of Civil Procedure. It is equally true, however, that that venerable principle has absolutely no bearing on the present situation. The term "lack of jurisdiction over the subject matter" means quite simply that a given court lacks judicial *power* to decide a particular controversy. *See George v. Infantolino*, 446 A.2d 757, 759 (R.I.1982); *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 874 (10th Cir.1995); *Cranston Teachers Association v. Cranston School Committee*, 120

11. Some courts seem to be slightly less exigent about the raise or waive rule—at least when there is a showing that especially prized constitutional rights are at stake. *See, e.g., Curtis Publishing Co. v. Butts*, 388 U.S. 130, 145, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967) (plurality opinion) ("Where the ultimate effect of sustaining a claim of waiver might be an imposition on [First Amendment rights], we are unwilling to find waiver in circumstances which fall short of being clear and compelling."); *Thomas v. Collins*, 323 U.S. 516, 530, 65 S.Ct. 315, 89 L.Ed. 430 (1945) (indicating that our system gives a "preferred place" to "the great, the indispensable democratic freedoms secured by the First Amendment"); *see also Dombey v. Phoenix Newspapers, Inc.*, 150 Ariz. 476, 724 P.2d 562, 567–69 (1986) (opting to consider the public figure doctrine in an appeal by a defendant from a plaintiff's verdict in a defamation case even though that doctrine was not argued in defendant's appellate filings—although it had been raised and argued in the trial court).

By contrast, this Court has remained quite exigent with respect to the raise or waive rule (as mollified by the qualifications set forth in such cases as *Burke* and *Breen*); and we continue to believe that the rule is jurisprudentially sound. *See, e.g., Harvey Realty v. Killingly Manor Condominium Association*, 787 A.2d 465, 467 (R.I.2001); *Johnson v. Johnson*, 654 A.2d 1212, 1213 (R.I.1995) ("Although defendant raises a number of constitutional issues relating to the First Amendment to the Constitution of the United States, these issues were not raised below and consequently cannot be considered for the first time on appeal.").

12. The Oklahoma Supreme Court's decision in *Shamblin v. Beasley*, 967 P.2d 1200 (Okla. 1998), upon which plaintiff places much reliance, is not to the contrary. *Shamblin* dealt with issues relating to a party's not having received proper notice of a statutory action affecting title to real property; it did not deal with a belatedly raised constitutional argument.

R.I. 105, 108–09, 386 A.2d 176, 178 (1978). In the present case, the Superior Court certainly had the *power* to hear the plaintiff's constitutional arguments if she had chosen to raise them in that forum. In other words, the Superior Court unquestionably had jurisdiction over constitutional arguments such as the one now espoused by the plaintiff, but she must be deemed to have waived those arguments by not raising them initially in the Superior Court.

For the reasons set forth herein, we affirm the judgment of the Superior Court. The record may be remanded to the Superior Court.