**SYCAMORE PROPERTIES, LLC**

v.

**TABRIZ REALTY, LLC et al.**

No. 2003–635–Appeal.

Supreme Court of Rhode Island.

March 8, 2005.

Armando E. Batastini III, Providence, for Plaintiff.

Patrick T. Conley, Providence, for Defendants.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## O P I N I O N

PER CURIAM.

This case came before the Supreme Court on September 28, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The plaintiff, Sycamore Properties, LLC (Sycamore or plaintiff), appeals from a summary judgment granted in favor of the defendants, Tabriz Realty, LLC (Tabriz), Albert R. Beaupalant (Beaupalant), and Benedict S. Gambino (Gambino or, collectively, defendants) in an action to remove and vacate a default judgment foreclosing plaintiff's right of redemption for property at 77–79 Sycamore Street, Providence.

For the reasons set forth herein, we vacate the judgment of the Superior Court.

In October 2000, Grant Dahlgreen (Dahlgreen), purchased the property identified as 77–79 Sycamore Street, Providence. After Dahlgreen failed to make timely tax payments on the property, the tax collector for the City of Providence sent him notice of an impending tax sale, scheduled for August 28, 2001. However, the notice erroneously was sent to 189 Wickenden Street, Providence. At all relevant times, Dahlgreen's personal address was either 5 Bay View Avenue, Kingston, Massachusetts, or 29 Mayflower Street, Plymouth, Massachusetts. On August 27, 2001, the day before the tax sale, Dahlgreen conveyed the subject property to Sycamore, a corporation formed by Dahlgreen, by quitclaim deed listing Sycamore's address as 29 Mayflower Street, Plymouth, Massachusetts. At the tax sale on August 28, 2001, John Shekarchi purchased 77–79 Sycamore Street, Providence, on behalf of defendant Tabriz.

In January 2003, Tabriz filed a petition to foreclose plaintiff's right of redemption, sending notice to plaintiff at 19 Mayflower Street, Plymouth, Massachusetts, and to plaintiff's registered agent for service of process, Leonard Accardo, Jr., Esq. (Accardo), 311 Angell Street, Providence. No one disputes that notice to Sycamore at the Plymouth, Massachusetts, address was ineffective because the mailing was returned to sender; nor is it disputed that the notice sent to Accardo was proper. In his affidavit, Dahlgreen stated that when Accardo informed him of the petition to foreclose his right of redemption, he mistakenly believed that it pertained to unpaid taxes. Consequently, Sycamore neither answered the petition nor appeared at the foreclosure hearing; the hearing justice entered default judgment in favor of

Tabriz.[1] Sycamore's motion to vacate the judgment, pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure, was denied.

On April 23, 2003, plaintiff filed an independent action seeking to vacate the default judgment. At the hearing held on July 9, 2003, plaintiff argued that G.L.1956 § 44–9–24, as amended by P.L. 2002, ch. 140, § 1,[2] provides taxpayers with a second chance to redeem property sold at an invalid tax sale. The crux of plaintiff's argument was that, notwithstanding the language of § 44–9–31[3] requiring that any challenge to the validity of a tax sale be raised in the foreclosure proceeding, his ability to contest the tax sale should not be lost. The hearing justice granted summary judgment to defendants, agreeing with their position that plaintiff's argument did not fall within the rubric of § 44–9–24 and, therefore, was barred by § 44–9–31.

The plaintiff filed a timely appeal, reasserting that § 44–9–24 affords a taxpayer one year, after the decree foreclosing the right of redemption has been entered, to challenge the validity of the tax sale without regard to the taxpayer's failure to raise the challenge by way of an "answer filed in the proceeding on or before the return day."[4] The plaintiff argues that "a separate action instituted within one year following entry of the decree"[5] is anticipated in cases in which the taxpayer does not receive notice of the tax sale. The plaintiff argued to this Court that the amendment to § 44–9–24 operates as a "safety valve" for taxpayers who have lost their right of redemption because of an invalid tax sale, notwithstanding noncompliance with § 44–9–31. We agree with this argument.

On several previous occasions, when faced with a petition to foreclose the right of redemption to property sold at tax sale, we have held that failure to comply with

1. During the course of this controversy, Tabriz transferred the subject property to Cobble Hill Development, LLC, and Johnston Corporation Profit Plan and Trust, which entities in turn sold the property to defendant Beaupalant, with financing provided by defendant Gambino.

2. General Laws 1956 § 44–9–24, as amended by P.L. 2002, ch. 140, § 1, provides:

   "**Title absolute after foreclosure of redemption—Jurisdiction of proceedings.** * * *—The title conveyed by a tax collector's deed shall be absolute after foreclosure of the right of redemption by decree of the [S]uperior [C]ourt as provided in this chapter. Notwithstanding the rules of civil procedure or the provisions of chapter 21 of title 9, *no decree shall be vacated except in a separate action instituted within one year following entry of the decree and in no event for any reason, later than one year following the entry of decree. Furthermore, the action to vacate shall only be instituted for inadequacy of notice amounting to a denial of due process or for the invalidity of tax sale.* The [S]uperior [C]ourt shall have exclusive jurisdiction of the foreclosure of all rights of

   redemption from titles conveyed by a tax collector's deed, and the foreclosure proceedings shall follow the course of equity in a proceeding provided for in §§ 44–9–25— 44–9–33." (Emphasis added.)

3. Section 44–9–31 provides, in pertinent part:

   "**Contest of validity of tax title.**—If a person claiming an interest desires to raise any question concerning the validity of a tax title, the person shall do so by answer filed in the proceeding on or before the return day, or within that further time as may on motion be allowed by the court, or else be forever barred from contesting or raising the question in any other proceeding. He or she shall also file specifications setting forth the matters upon which he or she relies to defeat the title; and unless the specifications are filed, all questions of the validity or invalidity of the title * * * shall be deemed to have been waived."

4. See note 3, *supra.*

5. See note 2, *supra.*

the provisions of § 44–9–31 by filing an answer "on or before the return day" bars a taxpayer from contesting title or otherwise challenging the validity of the tax sale. *Karayiannis v. Ibobokiwe,* 839 A.2d 492, 495 (R.I.2003); *Smith v. City of Providence,* 828 A.2d 536, 538 (R.I.2003) (mem.); *Norwest Mortgage, Inc. v. Masse,* 799 A.2d 259, 263 (R.I.2002); *Albertson v. Leca,* 447 A.2d 383, 385–86 (R.I.1982). The defendants argue that Sycamore's failure to file an answer to the foreclosure petition, having been duly given notice of the petition, is fatal to its claim. However, the law applicable to plaintiff's action is not the law that governed our previous cases.

■ As noted, § 44–9–24 was amended by the Legislature, to allow taxpayers to institute an action to vacate a decree of foreclosure for "inadequacy of notice amounting to a denial of due process or for the invalidity of tax sale," [6] and this amendment was in effect at the time the foreclosure decree was entered, on March 6, 2003.[7] This case is the first to reach us under the recent amendment(s) [8] and requires this Court to determine the grounds upon which a final decree of foreclosure may be vacated. We are satisfied that the result in this case is governed by the amendment to § 44–9–24, which specifically provides for a "safety valve" for taxpayers, anticipating "an action to vacate" a final decree, based on a finding of "inadequacy of notice amounting to a denial of due process or for the invalidity of tax sale."

■ This Court reviews questions of statutory interpretation *de novo. Webster v. Perrotta,* 774 A.2d 68, 75 (R.I.2001) (citing *Rhode Island Depositors Economic Protection Corp. v. Bowen Court Associates,* 763 A.2d 1005, 1007 (R.I.2001)). "In matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Id.* (citing *Matter of Falstaff Brewing Corp. Re: Narragansett Brewery Fire,* 637 A.2d 1047, 1050 (R.I.1994)). When confronted with statutory provisions that are unclear or ambiguous, "this Court, as final arbiter on questions of statutory construction, * * * examines statutory provisions in their entirety," and will "glean the intent and purpose of the Legislature 'from a consideration of the entire statute, keeping in mind [the] nature, object, language and arrangement' of the provisions to be construed." *In re Advisory to the Governor,* 668 A.2d 1246, 1248 (R.I.1996) (quoting *Algiere v. Fox,* 122 R.I. 55, 58, 404 A.2d 72, 74 (1979)).

■ At issue are the grounds on which an aggrieved taxpayer can base a motion to vacate a decree foreclosing his or her right of redemption. The defendants assert that the language requiring the "inadequacy of notice amounting to a denial of due process" refers to notice of the foreclosure petition and not to notice of the tax sale. However, because the amendment

6. *See* note 2, *supra.*

7. A taxpayer's right of redemption and a tax sale purchaser's rights stemming from the tax sale are governed by the law in force on the date of the tax sale. *Town of Jamestown v. Pennsylvania Company for Banking and Trusts,* 101 R.I. 274, 279, 221 A.2d 821, 823 (1966). The right to institute an independent action under § 44–9–24 is triggered by the entry of a foreclosure decree and, therefore, we hold that the law in force on the date the decree is entered governs such actions.

8. Section 44–9–24 was again amended by P.L. 2003, ch. 262, § 1, with an effective date of January 6, 2004. The only change to the statutory language was the addition of the word "the" in the phrase "for inadequacy of notice amounting to a denial of due process or for the invalidity of *the* tax sale." (Emphasis added.)

also provides that "a separate action" may be instituted "for the invalidity of the tax sale," which can be based on lack of notice, we deem the statute to be ambiguous.

■ We begin with the premise that when the General Assembly enacts or amends legislation, it is presumed to know the state of the law. *Shelter Harbor Fire District v. Vacca*, 835 A.2d 446, 449 (R.I. 2003) (citing *Simeone v. Charron*, 762 A.2d 442, 446 (R.I.2000)). Here, the Legislature specifically provided for two independent grounds for challenging the validity of a foreclosure decree: inadequacy of notice amounting to a denial of due process or an invalid tax sale. We note that the inadequacy of notice provision is neither defined nor strictly limited to the foreclosure proceeding, and we decline to construe it as limited to petitions to foreclose the right of redemption. We will not attribute such a meaning to the statutory language, particularly when the second basis for challenge explicitly refers to an invalid tax sale. We consistently have held that a tax sale based on inadequate notice may be declared invalid, and the failure to give notice can certainly amount to a denial of due process. *See Robert P. Quinn Trust v. Ruiz*, 723 A.2d 1127, 1129 (R.I.1999) (holding insufficient notice of tax sale to an interested party renders sale invalid as to all parties).

■ In the context of the statutory scheme governing tax sales, the phrase "inadequacy of notice," without more, is susceptible to three interpretations: inadequacy of notice of the tax sale; inadequate notice of the foreclosure petition; or both. It is well settled that ambiguities in revenue statutes are resolved in favor of the taxpayer. *Weybosset Hill Investments, LLC v. Rossi*, 857 A.2d 231, 239 (R.I.2004) (quoting *deZahara v. Weiss*, 516 A.2d 879, 880 (R.I.1986) ("As with all revenue statutes, any doubt about the meaning or scope [of the enactment] must be resolved in favor of the taxpayer and against the taxing authority.")). In performing this function governed by this well-settled doctrine, we conclude that § 44–9–24 affords a taxpayer the right to institute a separate action, within one year from the decree foreclosing his or her right of redemption, seeking to vacate the decree by demonstrating inadequacy of notice of the tax sale or the foreclosure proceedings, which amounts to a denial of due process, or invalidity of the tax sale on other grounds.

■ In this case, it is undisputed that plaintiff did not receive notice of the tax sale and was thereby deprived of a property right without any pre-deprivation procedural safeguards. Although properly instituted foreclosure proceedings provide a mechanism for taxpayers to reclaim property sold at such a tax sale, these proceedings are costly and can result in expenditures that, but for the inadequacy of the notice, would not be necessary. Consequently, the failure to adequately notify a taxpayer that a tax sale is pending before fees and interest are imposed, amounts to a denial of due process.

For the reasons set forth herein, the judgment is reversed and the record is remanded to the Superior Court with directions to enter judgment for the plaintiff.

Justice ROBINSON did not participate.