DECISION
The focus of this action is whether or not Mr. Khalil received adequate notice of a tax sale.[1] This case was submitted to the Court on an agreed statement of facts, in lieu of trial, and in reliance on the memoranda previously submitted in the file.
 Findings of Fact
Mr. Khalil received ownership of property at 17-19 McNiff Street, West Warwick, by a deed in February 1995. The deed indicates "Grantee's Mailing Address: 18 Mason St., West Warwick, R.I. 02893."[2] The deed then lists the street address for the property.
In the spring of 1998, as taxes had not been paid, the McNiff Street property was scheduled for a tax sale. The Town of West Warwick sent notices of the sale by certified mail to Mr. Khalil at 17-19 McNiff Street, West Warwick, R.I. That envelope was returned unclaimed. The tax sale was held April 8, 1998. *Page 2 
Banks that had provided mortgages on the property also received notices of the sale. In September 1999, one of the mortgagees, G.E. Capital Mortgage Services, Inc., redeemed the interest of the tax sale buyer by paying $20,411.16.
While Mr. Khalil acknowledges that some taxes were due, he seeks recovery against the Town of West Warwick as he incurred additional charges as a result of the tax sale. He claims that he received insufficient notice of the sale.
 Analysis and Conclusions of Law
1. Notice of the Sale.
Mr. Khalil's principle claim is that he failed to receive adequate notice of the tax sale held by the Town.[3]
Certified mail was sent to Mr. Khalil at 17-19 McNiff Street, West Warwick. (Agreed Statement of Fact, ¶ 6). What is not established is where Mr. Khalil lived at the time and whether he provided that address to the tax collector. Mr. Khalil rests only on the bare agreement of facts and his deposition testimony. Obviously, the billing addresses used by the taxing authorities of the Town changed, but there is no indication as to how they changed. More importantly, there is no indication that Mr. Khalil did not live at the addresses where notice was sent.
In his deposition Mr. Khalil recalled little, and did not know how or why the tax collector directed some mail to his other addresses and addresses of his family members. *Page 3 
(Husni Khalil deposition pp. 25-32). He does not even recall whether or not he asked the tax collector to redirect some mail.[4]
The rights of the parties at a tax sale foreclosure proceeding are determined by the law in force on the date of the tax sale. SeeSycamore Properties, LLC v. Tabriz Realty, LLC,870 A.2d 424, 427 n. 7 (R.I. 2005); Kildeer Realty v. BrewsterRealty Corp., 826 A.2d 961, 965 (R.I. 2003); Town ofJamestown v. Pennsylvania Company for Banking and Trusts,101 R.I. 274, 279; 221 A.2d 821, 823 (1966);140 Reservoir Avenue Associates v. Sepe Investments, LLC,941 A.2d 805, 811 (R.I. 2007). Unfortunately, the Court is left with uncertainty. The agreed facts fail to establish that Mr. Khalil was not sent notice where he directed it to be sent. They fail to establish that the Town did not meet the statutory requirements at the time. *Page 4 
Burden of Proof
As indicated, Mr. Khalil argues that he did not receive appropriate notice of a 1998 tax sale. Not only was the property sold, but the tax sale was redeemed in 1999. Paragraph 7 of the stipulated facts indicates that notice was sent to the McNiff Street property address. Paragraph 13 establishes that Mr. Khalil used that address at the time. As the plaintiff seeking to establish that the notice was defective or contrary to the statute, Mr. Khalil bears the initial burden of proof for the proposition he advances.Holden v. Salvadore, 964 A.2d 508, 516 (R.I. 2009). Mr. Khalil has not satified his burden of proof.
Notice of Redemption.
Mr. Khalil also challenges the sufficiency of the notice of the right of redemption. While Mr. Khalil received notice of the suit foreclosing the right of redemption, he relies upon In RePontes, 310 F.Supp.2d 447 (U.S.D.C., R.I. 2004) for the assertion that notice prior to the suit is required. Pontes was a bankruptcy appeal wherein the federal courts asserted that Mr. Pontes preserved his rights to question the adequacy of notice by instituting an adversarial action in bankruptcy. In this case, it is not clear that Mr. Khalil acted at all in response to the foreclosure action. These facts are not detailed in the summary judgment document or the agreed facts. The law is not addressed in the memoranda. Mr. Khalil has not established insufficient notice of the right to redemption.[5] *Page 5 
 Conclusion
For the reasons stated, Mr. Khalil has failed to establish that notice was defective. Judgment shall enter for the Town of West Warwick and against Mr. Khalil on all counts.
[1] Through his memorandum, Mr. Khalil raises a bevy of challenges to the notice he received, some specific and some general.
[2] A copy of the deed is attached to plaintiff's pretrial exchange of information.
[3] This contention was previously addressed in the Court's order denying summary judgment of May 1, 2009.
[4] Various addresses were listed for Mr. Khalil in the tax assessor's rolls. The agreement of facts state that Mr. Khalil asked that bills be sent to different addresses, but it is not clear when he made those requests. Mr. Khalil once resided on Mason Street in West Warwick prior to separating from his wife. He then moved to the McNiff Street property, but it is not known when those moves were made. The deposition fails to add much more clarity. On pages 25-32 of his deposition, Mr. Khalil was unsure why each of his tax bills was sent to a different address, some belonging to his brother. This exchange is typical of his testimony:
Question: But you have no explanation as to how the Town of West Warwick, received a) the name of your brother, Ziad, and b) the different address in Warwick, being 9 Reed Street and the other address being 292 Blackstone Street in Fall River, Mass?
Answer: I have no explanation.
Question: Okay. And finally 1999, which is — . . . If you go to the top of the page. —
Answer: Okay.
Question: It says Husni Khalil, 18 Mason Street, right?
Answer: Yes.
Question: And that's your Mason Street property?
Answer: Yes
Question: Do you recall telling the town of West Warwick the tax collectors's office, to stop sending the notices of the taxes to Ziad in Fall River, Mass. and start sending them to you?
Question: I cannot recall, but maybe when I refinanced —
Answer: I don't know when you refinanced.
Question: Maybe when I refinanced, they did the change or something.
Question: But again, when you did the refinance, who told the town where to send the taxes? Was it your attorney?
Answer: Probably our attorney, yes. Deposition of Husni Khalil, pp. 31-32.
[5] See also the burden placed upon the alleged owners in a tax foreclosure case in Harvey Realty v. Killingly Manor CondominiumAssocation, 787 A.2d 465, 467 (R.I. 2001).